January Term, 1862.

VIBBERT
v.
SHEPARD.

---

## VIBBERT VS. SHEPARD.

An appeal from a justice of the peace was properly dismissed on motion of the appellee, for want of prosecution, where two terms of the circuit court had passed after return made, without the case being noticed for trial by either party. R. S., 1858, chap. 120, sec. 216.

APPEAL from the Circuit Court for *Green Lake* County.

*Vibbert* obtained a judgment against *Shepard* before a justice of the peace, on the 7th of December, 1858, from which *Shepard* appealed; and the return of the justice was filed January, 1859. The case was not noticed for trial by either party until the 10th of December, 1859, when *Shepard* noticed it for trial at the March term, 1860; at which term, on motion of *Vibbert*, the court dismissed the appeal for want of prosecution.

*A. B. Hamilton*, for appellant.

*Wheeler & Kimball*, for respondent.

May 15.

*By the Court*, DIXON, C. J. Appeal from an order of the circuit court dismissing an appeal from the judgment of a justice of the peace, under section 216, chap. 120, Revised Statutes, for want of prosecution. Two regular terms having passed, after the return, before the cause was noticed and placed upon the calendar, the plaintiff, who was the respondent below, moved to dismiss for that reason, which motion was granted.

For the defendant it is contended, that the words "the sec-
ond term" signify the second term of court held after the
action is noticed and put on the calendar; and that as the
plaintiff might have noticed it, but did not, the motion
should have been denied.   We do not think the statute ad-
mits of this construction.   The object was to secure dispatch
in the trial of these causes.   The amount in controversy is
usually very small, and never exceeds $100.   It was not in-
tended that they should slumber for years in the pigeon
holes of the clerk without being brought to light.   The sec-
tion begins with a reference to the return; and the terms
spoken of are evidently those which immediately succeed it,
sufficient time intervening to give the notice.   This insures
diligence on the part of the appellant, for whose benefit the
appeal is taken.   If he fails to give early notice, and the re-
spondent desires to expedite the trial, an opportunity is
afforded him to do so.

Order affirmed.