## WEBSTER vs. SCHOOL DISTRICT No. 4.

Only one notice of trial is required in appeals from justices of the peace, and it may be given by either party, and under it the appeal may be brought to a hearing without further notice.

A motion to dismiss an appeal under sec. 216, chapt. 120 R. S., made before "the end of the second term" is premature and will be denied.

A contract made between a teacher and the clerk of a school district, with the consent of its director and treasurer, for teaching the district school for a term extending beyond the time when the term of office of such officers will expire, unless made contrary to a determination of the district at the previous annual meeting, under sec. 15, chapt, 23, R. S., is valid; subject to the power of the district at its next annual meeting, or of the same officers or their successors to terminate it by determining pursuant to said section, the length of time a school shall be taught in the district and whether by a male or female teacher, and giving notice thereof to the teacher.

A contract made between a teacher and the school district clerk in the name of the district with the consent of the director or treasurer, is *prima facie* valid, and the burden of showing its invalidity, or that it has been lawfully terminated is on the district.

ERROR to the Circuit Court for *Brown* County.

The plaintiff in error brought an action, in justice's court, against the defendant in error, to recover $25, for one month's services in teaching its school, on a contract entered into with its officers, in the usual form, on the 18th day of Sept., 1858, which services were fully completed on the 19th day of October in the same year. The defendant below denied all the allegations of the complaint, and after a trial, the plaintiff below recovered judgment for $25 and costs, and the defendant below appealed therefrom to the circuit court, on the 23d of November, 1858. The case was noticed for trial for the January term, 1859, by the *respondent* in such appeal, at which term the case was continued by order of the court. At the May term, 1859, on an affidavit showing that the appeal was taken as above stated, and that the *appellant* had not noticed the case for trial either at said January, or the May term then being held, and that it had not been noticed for trial at said May term, by either party, the respondent *Webster* moved the court to dismiss the appeal for want of prosecution, but the court denied the motion, and ordered the parties to go to trial at that term, to which ruling the respondent excepted. At the trial, it was proved that the contract between *Webster* and the *School District* was signed by the clerk of the district, and approved

in writing by its treasurer and director, and it was offered in evidence by the respondent. The court refused to admit the contract in evidence, on the ground that the officers of the district executing the same, had no authority to bind the district for a greater length of time than until the expiration of their term of office, and to this ruling the respondent excepted. The respondent then offered to prove by a witness that at the annual meeting of the district in 1857, the length of time for holding school in said district was not determined, but the court refused to admit such evidence, on the ground that the record of its proceedings should be produced, and the respondent excepted to the ruling. The appellant had a verdict, upon which judgment was entered against the respondent for costs, and he sued out a writ of error to reverse the same.

*James H. Howe*, for the plaintiff in error.

*O. B. Graves*, for the defendant in error.

*By the Court*, DIXON, C. J. But one notice of trial is required in appeals from justices of the peace. It may be given by either party, and when given, the appeal may be brought to a hearing without "further notice." R. S. ch. 120, sec. 216. "If neither party bring it to a hearing before the end of the second term, the court shall dismiss the appeal, unless it continue the same by special order for cause shown." Id.; *Vibbert vs. Sheppard*, 15 Wis., 106. The end of the second term had not come when the motion in this case was made, and it was properly denied.

The contract with the plaintiff in error was not void for want of authority in the officers of the district to make it. In the absence of any special and inconsistent determination of the qualified voters at the last annual meeting, and subject to their power at the next, or of the new board, to determine with respect to the length of time a school should be taught, whether by a male or female teacher, or both, and the application to be made of the moneys received from the school fund and the

town; the power of the clerk, with the consent of the director or treasurer, or both, to contract with and hire a qualified teacher, and bind the district, was general. R. S. 1849, ch. 19, secs. 14, 27; now secs. 15, 27, ch. 23, R. S., 1858. Without such previous determination, the contract was beyond all question good until the next annual meeting, and thereafter, provided no contrary directions were then given by the voters, or subsequently by the new board, in case the voters neglected to act. Unless rejected in one form or the other, and proper notice·thereof given to the plaintiff in error, the district was still liable for all services duly performed under it. Having been entered into by competent authority, its *prima facie* validity continued until the contrary was shown, the burden of which was upon the district. It should, therefore, have been received in evidence, leaving the district to establish its invalidity by showing, if such were the fact, that it had been in due form rejected.

Judgment reversed, and a new trial awarded.