## WILCOX vs. HOLMES.

*Practice—Continuance of appeal from justice's court, after failure to notice for two terms—Sec. 216, ch. 120, R. S.*

1. Under sec. 216, ch. 120, R. S., the circuit court, for sufficient cause shown, may continue an action on appeal from a justice of the peace, which has not been noticed for trial at the first or second term after the appeal was taken; and may allow an answer to be filed where the judgment before the justice was taken upon default of an answer or appearance by defendant.
2. The affidavits in this case *held* to show a sufficient cause for leave to file an answer and continue the action.

APPEAL from the Circuit Court for *Rock* County.

This action was commenced in a justice's court, and judgment was rendered against the defendant on his default; from

which an appeal was taken to the circuit court in June, 1864.
The cause was not noticed by either party at either of the next
two terms of said court.   During the second of said terms, de-
fendant obtained an order upon plaintiff to show cause why
he should not be permitted to file an answer, and have the
cause continued to the next term.   This order was based upon
affidavits of the defendant and Chas. G. Williams, Esq., his
attorney, and a copy of the proposed answer.   The latter was
a general denial, and a counter-claim.   The defendant's affida-
vit, after the usual allegation of merits, stated in substance,
that after the suit was commmenced he employed an attorney
to attend to it, who forgot and neglected to do so; that
after the appeal he spoke to Mr. Williams about attending to
the suit, and considered him retained therein; that affiant
supposed that if the *action* was not noticed for two terms, it
would "go down," and he be released from the judgment, and
that Mr. Williams would look after the matter; that upon ap-
plying to his said attorney, since the commencement of said
term, to know the condition of the action, he was informed,
and so learned for the first time, that it was necessary for him to
notice said appeal within two terms, or it would be dismissed,
and the judgment stand good; that said attorney also informed
him that he had supposed that affiant was plaintiff instead of
defendant in the action; that the matter had been conducted
in perfect good faith on affiant's part.   Mr. Williams' affidavit
states that a short time before judgment was rendered in this
action, an action was commenced several times by the plaintiff
against the defendant, and one or more actions were commenced
by defendant against the plaintiff; that he remembers de-
fendant's speaking to him about some of said actions that
had been appealed, and presumes that at the time he under-
stood the matter, but if he did, it passed wholly out of his mind,
and when defendant applied to him after the commencement
of the pending term of court, he was laboring under an impres-
sion that the suit was one in favor of the defendant, &c.

After hearing the parties upon the order to show cause, the court refused the defendant's motion, on the ground that it had no power to grant it.    From this order the defendant appealed.

*Chas. G. Williams,* for appellant, cited sec. 216, ch. 120, R. S.

*H. A. Patterson, contra.*

DOWNER, J.    The affidavit of the appellant contained the statements of an affidavit of merits, and also enough, taken in connection with the affidavit of Williams, to excuse his neglect in not noticing the action for trial the first and second terms after the appeal.    He ought, therefore, to have been permitted to file his answer, and then the cause should have been continued on terms.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for further proceedings.