## HOWE vs. ELLIOTT.

*Practice — Dismissal of appeal from a justice of the peace — Excusable neglect.*

24 677
89 670

1. Where the appellant, from a justice of the peace to the circuit court, fails to notice the cause for trial, it should not be dismissed for that reason, on respondent's motion, till the *close* of the second term after the appeal, *without notice* of the motion given to appellant.

2. Where a dismissal has been thus granted without notice, it should be set aside on appellant's showing an attempt in good faith to bring the cause to trial at the *second* term, which failed through some excusable neglect.

3. Neglect to notice a cause for trial at the proper term, *held* excusable in the circumstances of this case.

APPEAL from the Circuit Court for *Fond du Lac* County.

The defendant appealed from a judgment against him rendered by a justice of the peace ; and, on the 18th of September, 1868, near the close of the second term of the court after such appeal, it was dismissed on plaintiff's motion, for the reason that "no notice of the hearing or trial of the cause had been served upon the plaintiff or her attorney." On motion of the defendant, based upon his own affidavit and that of his attorney, plaintiff was required to show cause why the order of dismissal should not be vacated ; and at the hearing, said two affidavits and that of plaintiff's attorney were read. Defendant's

affidavit, in addition to showing merits in the usual form, states that the cause would have been brought on for trial at the May term but for the absence of a material witness; that on the 31st of August, eight days before the commencement of the September term, affiant's attorney in the cause being absent from the state, and the day of his intended return unknown to affiant, he sought the plaintiff's attorney for the purpose of learning whether it would be necessary for him to employ other counsel to protect his rights on said appeal; that he asked plaintiff's attorney whether said cause would be brought to a hearing at that term, and whether it would be necessary for him (affiant) to employ other counsel, and said attorney thereupon informed affiant that the cause could not be brought to a hearing, or "come up" at said term; that affiant, knowing that intimate relations were supposed to exist between his attorney and the attorney for the plaintiff, and relying entirely on the statements of the latter, and fully believing, from those statements, that no advantage would be taken of his own attorney's absence, did not employ other counsel to protect his interests on said appeal, and paid no further attention to the cause; that affiant's counsel did not return until some days after the commencement of the September term, when affiant forthwith saw him, and repeated to him his (affiant's) conversation with plaintiff's attorney, when affiant's counsel informed him that he had written while absent to plaintiff's counsel to *notice* said cause, and the latter had *continued* the cause on the calendar, and nothing more would be done; and that the dismissal of the appeal was a surprise to affiant, who had always been, and still was, desirous of bringing the cause to a hearing on the merits as soon as possible, etc., etc. The affidavit of defendant's attorney states, that in the early part of August, 1868, he was compelled to visit the city of New York, where he expected to remain but a few days, leaving no person in his office

capable of attending to his professional business; that his absence was necessarily extended from day to ·day until after the opening of the September term of the court; that, prior to his leaving, affiant had seen no published copy of the law fixing said term, but had heard it stated, and fully believed, that it was appointed to be held on the *second* [instead of the *first*] Monday in September; that, finding his absence was going to be delayed too long to permit him to notice this cause for said second Monday, and then fully believing that to be the day appointed for holding said term, he wrote to plaintiff's attorney (with whom he believes he held the most friendly and confidential relations) in time for the letter to reach him and accomplish its design, asking him to notice the cause in affiant's name, and to notice other causes of affiant's for that term, and attend to the preliminary business of preparing affiant's causes generally for a hearing at said term, implicitly relying upon said attorney to obey the requests of said letter; that he also wrote to those in charge of his (affiant's) office, directing them to place his register and papers in said attorney's hands, which was done; that finding the completion of his business in New York would cause him to be absent until after said second Monday in September, he hurried home, and, upon his arrival on Thursday, September 10th, was surprised to find the court in session; that he immediately called on plaintiff's attorney, found him busily occupied, but asked him if he had received his (affiant's) letter, and was answered that he had, and that all of affiant's causes for trial had been continued, especially referring to this cause, according to the best of affiant's recollection; that, upon looking at the court calendar the next day, affiant saw this cause marked "continued," and, as plaintiff's attorney continued to be busy, supposed that he had caused its continuance for his own and affiant's accommodation, and that he really believed that said attorney considered the cause noticed for trial;

that he was afterward surprised by being told by said attorney that he had caused this appeal to be dismissed, adding that he was forced to do it to satisfy his client, etc., etc. The affidavit of plaintiff's attorney states that the only conversation he ever had with defendant was on Monday, the 7th of September, 1868, when the latter asked him on the street whether the suit was coming on, and he answered merely, "That suit won't be heard; it hasn't been noticed;" that the letter of defendant's attorney to affiant bore date August 31, 1868, and was received by him on the 3d or 4th of September; that, before receiving it, affiant had informed his client that the cause had not been noticed for trial, and that the appeal would be dismissed by the court; that he never informed defendant's attorney that the cause had been continued over the September term, and never understood that it was so continued; that it was marked "continued" by the court on the first call of the calendar, during affiant's absence and without his knowledge or consent; that he recollects telling defendant's attorney that if he (affiant) had not informed his client of the cause not being noticed, and of his being entitled to have the appeal dismissed, he would try and see if it could not be re-instated, but that, having so informed his client, he could not do any thing but insist on the dismissal, etc., etc. The court refused to vacate the order of dismissal, and the defendant appealed.

*W. T. Birdsall* (with *E. S. Bragg*, of counsel), for appellant:

1. It is the duty of the court to relieve against surprise, mistake, inadvertence or excusable neglect; especially when the party is otherwise without remedy. R. S. ch. 125, sec. 38; Const. Wis. art. 1, sec. 9; *Wilcox v. Holmes*, 20 Wis. 307.   2. The appeal should not have been dismissed before the end of the second term. R. S. ch. 120, sec. 216; *Vibbert v. Shepard*, 15 Wis. 106;

*Webster v. School District,* 16 id. 316 ; *Wilcox v. Holmes,* 20 id. 307.  3. Having once continued the cause that term, the court could not again take it up, except on notice of motion.  4. The defendant could apply for dismissal only after notice of trial or special notice of the motion. *Isnard v. Cazeaux,* 1 Paige, 39 ; 4 How. Pr. 34; *Lee v. Brush,* 3 Cow. 220 ; Rules 9 and 22, Circuit Court Rules.

*James Coleman,* for respondent :

The appeal was properly dismissed. *Vibbert v. Shepard,* 15 Wis. 106.  The case is distinguished from *Webster v. School District* (16 Wis. 316), in that it was not noticed for trial for either term by either party, and when it was dismissed could not have been brought to a hearing by the appellant, the jury having been discharged, and no appearance made by him.  2. The appellant offers no excuse for not noticing the cause at the May term.  The court will not interfere to relieve him unless he shows clearly that he had a good defense, and was prevented from availing himself of it by fraud or pure accident, without any default in himself or his agents.  2 Ohio, 311 ; 3 id. 278.

PAINE, J.  This is an appeal from an order refusing to vacate an order dismissing an appeal from a justice of the peace.  The appeal was dismissed under the provision of sec. 216, chap. 120, R. S., it not having been noticed for trial by either party, within the two terms succeeding the return.

But, upon the facts stated in the affidavits of the appellant, we think the case ought to have been continued.  They show an attempt in good faith to bring it to a hearing at the second term.  And although this attempt was unsuccessful, the failure could not be said to have arisen from any thing worse than excusable neglect.

It cannot be said that the appellant, in order to establish a ground for continuance, was bound to excuse his

neglect to bring the case to a hearing at the first term. He was in no default for not bringing it to a hearing at that term. It not having been noticed by the party, he had a right to pass it with the intention of bringing it to trial at the second term.

The real question therefore is, whether, within the time allowed by law, he attempted in good faith to bring the case to a hearing ; and whether, under all the circumstances, his failure was excusable. If so, he ought to be allowed a trial. The statute, while it designed to secure reasonable diligence in disposing of this class of cases, did not design to establish a more stringent rule in respect to the cause which should entitle the party to a continuance, than exists in relation to relief from default in other cases.

It does not appear that the facts excusing the appellant's neglect were presented to the court on the application to dismiss the appeal. But the record does not show any notice of that application, and it is fairly to be inferred from the affidavit of the appellant's attorney that he had no notice of it. Such being the case, his application to vacate the order of dismissal, which was made with reasonable diligence, should have received the same consideration that the facts would have been entitled to if presented at the time the appeal was dismissed. The better practice would be not to dismiss this class of cases before the end of the second term, without notice, so that if the appellant desires to show cause why the case should be continued, he may do so. But where it is done, there seems to be no remedy except that adopted here, of moving to vacate the order. This motion should have been granted.

*By the Court.* — The order appealed from is reversed, with costs, and the cause remanded with directions to grant the motion to vacate the order of dismissal.