Pinger vs. Vanclick.

These views dispose of all the material questions in the case.
*By the Court.* — The judgment of the circuit court is affirmed.

## PINGER VS. VANCLICK.

JURISDICTION: APPEAL TO SUPREME COURT. (1, 2, 4) *Power of circuit court over its own judgment or order, after the term.* (3) *What questions considered by this court on appeal.*

PRACTICE: APPEAL FROM J. P. (5) *Appeal dismissed for want of prosecution, not reinstated without good defense shown.* (6) *Affidavit of merits.* (7) *Different rule as to extension of time to plead, before default.*

36 141
d89 671
36 141
93 193
36 141
108 280

1. The circuit court cannot review on the merits, orders or judgments made or rendered *at a former term*, for the purpose of correcting its own errors.
2. On a motion to reinstate an appeal from a justice's court, dismissed at a previous term, the circuit court has no authority to determine whether such order was or was not properly made.
3. This court, therefore, on appeal from an order of the circuit court denying such motion to reinstate, cannot consider whether the order of dismissal was prematurely made. That question could be presented here only by an appeal from the order or judgment of dismissal itself. *Howe v. Elliott*, 24 Wis., 677, and *Webster v. School District*, 16 id., 316, distinguished from this case.
4. The circuit court, however, may, in its discretion, at any time within one year after notice thereof, relieve a party from a judgment or order against him, obtained through his mistake, inadvertence, surprise or excusable neglect. R. S., ch. 125, sec. 38.
5. If defendant's failure to notice the cause for trial for two terms after his appeal to the circuit court is satisfactorily excused, still it would be an abuse of discretion to reinstate his appeal unless it be made to appear that he has a valid defense to the action, in whole or in part.
6. An affidavit of defendant's attorney states that, " upon examination of the testimony given before the justice, and from the statement of facts made to him by the defendant, he (affiant) verily believes that said defendant has a valid defense to said action upon the merits; " but it does *not* show that defendant stated the *whole* case to his attorney, or that the statement he made was true. *Held*, not a sufficient affidavit

Pinger vs. Vanclick.

of merits; and the court did not err in refusing to reinstate the appeal.

7. It *seems* that an affidavit like that above described may be sufficient to authorize an extension of the time to answer or demur, under C. C. Rule 17; but the power of the court will not be exercised to relieve the party after he is actually in default, unless he shows merits.

APPEAL from the Circuit Court for *Dane* County.

The defendant appealed to the circuit court from a judgment for $33.91 and costs, rendered against him at the suit of the plaintiff, by a justice of the peace. The judgment was rendered October 30, 1872, and the return to the appeal was filed March 26, 1873. The next jury term of the circuit court thereafter was appointed by law to commence April 9, 1873, and the next succeeding jury term in November of that year. The cause not having been noticed for trial by either party at either of those terms, near the close of the latter term the court, on motion of the plaintiff (the defendant by his attorney appearing to the motion), dismissed the appeal by virtue of sec. 216, ch. 120 R. S. (Tay. Stats., 1398, § 234).

At the next term of the court (April term, 1874), the defendant moved the court to reinstate the appeal. The motion purports to be founded only on the records and papers in the action; but with the notice thereof was served an affidavit made by the attorney of the defendant, stating facts tending to excuse his failure to notice the cause for trial. Although the fact does not appear very clearly in the record, it is assumed that such affidavit was read in support of the motion. In it is found the only averment of merits contained in the record, and such averment is in these words: " And this deponent, upon the examination of the testimony given before said justice, and from the statement of facts made to him by said defendant, verily believes that said defendant has a valid defense to said action upon the merits."

The circuit court denied the motion to reinstate the appeal; and from this order the defendant appealed.

Pinger vs. Vanclick.

*E. A. Spencer* and *Welch & Botkin*, for appellant, argued that the dismissal of the appeal from the justice, before the end of the second term after the filing of his return, was premature, and the order should have been vacated for that reason (*Vibbert v. Shepard*, 15 Wis., 106; *Webster v. School District*, 16 id., 316; *Howe v. Elliott*, 24 id., 677); that the affidavit of appellant's attorney showed a sufficient excuse for not noticing the cause for trial at the second term, and his motion should have been granted for that reason (*Wilcox v. Holmes*, 20 Wis., 307; *Howe v. Elliott, supra*); and that, no notice of the motion to dismiss the appeal having ever been served on the appellant's attorney, he had pursued the only proper course in moving to have the order of dismissal set aside. *Howe v. Elliott, supra.*

*Orton, Keyes & Chynoweth*, for respondent. [No brief on file.]

LYON, J. The circuit court has no authority to review, on the merits, orders or judgments made or rendered at a former term, for the purpose of correcting its own errors. This is well settled. *Ætna Life Ins. Co. v. McCormick*, 20 Wis., 265; *Durning v. Burkhardt*, 34 id., 585. Hence, on the motion to reinstate the appeal (which was equivalent to a motion to vacate the order of the former term dismissing it), the circuit court had no authority to determine whether such order of dismissal was or was not properly made. It is urged that such order was made prematurely. But inasmuch as the circuit court could not properly determine that question on the motion to reinstate, this court cannot determine it on an appeal from an order denying such motion. That question can only be presented to this court by an appeal from the order or judgment dismissing the appeal below.

The case of *Howe v. Elliott*, 24 Wis., 677, is not authority to the contrary. That was also an appeal from an order of the circuit court denying a motion to reinstate an appeal from the judgment of a justice, which had been dismissed; and it is true

that the language of the opinion is, that the motion to reinstate "should have received the same consideration that the facts would have been entitled to if presented at the time the appeal was dismissed." But the reason assigned therefor is, that no notice of the motion to dismiss was given. Furthermore, it satisfactorily appears from the report of the case, that the order to dismiss the appeal, and the motion to reinstate it, were made at the same term. In the present case there was an appearance by the defendant to the motion to dismiss, which renders the want of notice of the motion entirely unimportant, and the motion to reinstate was made at a subsequent term. These facts (and particularly the latter) make it necessary to apply other and different rules in the determination of the present case. Neither is the case of *Webster v. School District*, 16 Wis., 316, applicable. It was there said that a motion to dismiss the appeal for want of prosecution made during the second term after it was taken, was premature. But the cause had been noticed for trial by the respondent. It was held competent for the appellant to move it for trial under such notice, at that term, and that consequently *laches* could not be imputed to him when the motion was made, nor at any time before the adjournment of the term.

If the circuit court had power to reinstate the appeal, it must be found, we think, in sec. 38, ch. 125, R. S. (Tay. Stats., 1446, § 42), which confers upon that court power in its discretion to relieve from judgments or orders against the moving party, obtained through, or by means of, his mistake, inadvertence, surprise or excusable neglect.

However satisfactorily the default of the defendant in failing to notice the cause for trial may be excused, it would be an abuse of discretion to reinstate the appeal unless it be made to appear that the appellant has a valid defense to the action in whole or in part. But we fail to find here any sufficient affidavit of merits. It does not appear that the appellant stated the whole case to his attorney, or that the statement he made was

true. The averment that the attorney and affiant examined the testimony taken before the justice, does not cure those vital omissions. Hence the record fails to show any sufficient grounds for the belief, sworn to by his attorney, that the defendant has a valid defense to the action.

An affidavit like that under consideration may be sufficient to authorize an extension of time to answer or demur by virtue of circuit court rule 17 (Tay. Stats., 2015); but after the party is actually in default, the rule is, that the power of the court will not be exerted to relieve him unless he shows merits. See *Mowry v. Hill,* 11 Wis., 146; *Burnham v. Smith,* id., 258; *Johnson v. Eldred,* 13 id., 482; *Butler v. Mitchell,* 15 id., 355. In the case of *Howe v. Elliott, supra,* there was a sufficient affidavit of merits. So also in *Wilcox v. Holmes,* 20 Wis., 307.

Hence, although it be conceded that the appellant excused his failure to notice the cause for trial, yet his failure to show that he has a meritorious defense to the action, in whole or in part, is fatal to his motion to reinstate the appeal.

*By the Court.* — Order affirmed.