HOLT and another vs. COLEMAN.

*October 18 — November 6, 1884.*

JUSTICES' COURTS: APPEAL. *(1) When appeal is brought to a hearing. Dismissal: Waiver. (2) Dismissal of appeal after ineffectual change of venue.*

1. Merely noticing for trial a cause pending on appeal from a justice, is not bringing the appeal to a hearing, within the meaning of sec. 3766, R. S.; nor, if such notice is given by the respondent, is it a waiver of his right to have the appeal dismissed under that section.

2. A cause appealed from a justice was noticed for trial at the first term after the return of the justice was filed. At the same term the appellant procured an order changing the venue, but, the papers not having been transmitted within the time prescribed by sec. 2627, R. S., such order became vacated. At the third term after the return of the justice was filed, the respondents again noticed the cause for trial and, when it was called in its order on the calendar, moved that the appeal be dismissed because not brought to a hearing before the end of the second term. *Held,* that the motion was properly granted.

APPEAL from the Circuit Court for *Oconto* County.

The facts sufficiently appear from the opinion. The defendant appealed from the judgment of the circuit court dismissing his appeal from the justice's court.

For the appellant there was a brief by *Webster & Brazeau,* and oral argument by *Mr. Webster.*

For the respondents the cause was submitted on the brief of *A. Reinhart.*

TAYLOR, J. This action was originally commenced in a justice's court by the respondents, against the appellant. The respondents recovered judgment in the justice's court, and the appellant appealed to the circuit court. The justice made his return to the circuit court of Oconto county previous to the May term of that court, 1882. The cause was noticed for trial at the May term, 1882. At that term the appellant applied to the court for and obtained an order changing the place of trial to Winnebago county, on account of the prejudice of the circuit judge. The order for a change of the place of trial was made and entered May 17, 1882; but the papers were not transmitted to the clerk of the circuit court of Winnebago county until October 13, 1882. And on January 3, 1883, the clerk of the circuit court of Winnebago county returned the records and papers in the case to the clerk of the circuit court of Oconto county, by the direction of said clerk, and they were received by said clerk and filed in his office, and thereafter the respondents noticed said case for trial at the May term, 1883, of the circuit court for Oconto county, and caused the same to be placed upon the calendar for said term; and when the same was called in its order upon the calendar, the respondents moved that the appeal be dismissed upon the ground that the cause had not been brought to a hearing before the end of the second term of the court after the filing of the return of the justice therein. It is admitted that two terms of the

circuit court of Oconto county had elapsed after the return of the justice had been filed in that court, at which the case might have been tried, before the May term, 1883, at which the appeal was dismissed, viz., May and September terms, 1882.

The motion to dismiss the appeal was made under sec. 3766, R. S. 1878, which reads as follows: "If neither party shall bring the appeal to a hearing in the appellate court before the end of the second term after filing the return of the justice therein, such court shall dismiss the appeal, unless it shall continue the same by special order for cause shown."

This section was evidently intended to expedite the trial and disposition of cases coming into the circuit court by appeals from justices' courts; and two terms having passed since the justice's return was filed in said court, and no trial or hearing of the case having been had, the respondents were entitled to a dismissal of the appeal, unless the fact that an order was made changing the place of trial to Winnebago county, and the proceedings under that order, took the case out of the statute, or the fact that the respondents noticed the action for trial was a waiver of their right to such order.

It seems to us very clear that the obtaining an order for the change of the place of trial could not help the appellant, unless he made such order effective by procuring the transmission of the papers within the time provided by law. Sec. 2627, R. S., prescribes what shall be done in the action after an order changing the place of trial has been obtained; and, among other things, provides "that the change shall be complete on filing the papers transmitted. If such transmission be not made within twenty days from the making of the order to change the place of trial, . . . unless such time be extended, such order shall be deemed vacated, and no change for the same cause thereafter made."

Holt and another vs. Coleman.

In the case at bar, the order changing the place of trial was made May 17, 1882, and the time for the transmission of the papers was never extended. After the lapse of twenty days from the date of the order it became vacated by lapse of time, and the time not having been extended the clerk of the court had no authority to transmit the papers to Winnebago county. The case remained, in fact, in the circuit court of Oconto county from the time of the filing of the return of the justice until the appeal was dismissed by the order of that court. That court had, therefore, jurisdiction to make the order.

It is suggested that after the appellant presented his affidavit as to the prejudice of the judge, and demanded a removal of the place of trial for that cause, the plaintiffs stipulated the action might be removed to Winnebago county, and that the order of removal was based in part on that stipulation; and for that reason the statute above cited does not apply to the case. We think the stipulation was simply that it might be removed to Winnebago county in case the appellant was entitled to a removal for the cause set out in his affidavit. The stipulation was only as to the place of the removal. It was so understood by the circuit court. The order of removal recites that the order is based upon the affidavit of the appellant and the stipulation, showing that the removal was made on account of the alleged prejudice of the judge, the stipulation only being considered in fixing the place to which the removal should be made.

At the May term, 1882, the case was on the calendar ready for trial. At that term the appellant prevented a trial by obtaining an order for the removal of the place of trial. At the September term the case was not noticed by either party, and consequently was not tried. At the next May term the respondents noticed the case for trial and placed it on the calendar, and, when reached in its order, moved that the appeal be dismissed under the statute.

Holt and another vs. Coleman.

We think under the statute the mere fact that the respondents noticed the case for trial was not a waiver of their right to have the appeal dismissed if they so elected. If there was any good reason for not dismissing the appeal, the appellant should have shown it to the court when the motion to dismiss was made, and if he had shown a sufficient reason the court would undoubtedly have continued the appeal, as it was authorized to do under the statute. The statute should be construed so as to forward the object of its enactment and not defeat it; and to hold that the mere noticing the case for trial is bringing it to a hearing within the meaning of the statute would destroy its efficacy entirely. The following cases show that under a similar statute this court has been disposed to give it a liberal construction in order to accomplish the purpose of its enactment. *Howe v. Elliott,* 24 Wis. 677; *Wilcox v. Holmes,* 20 Wis. 307; *Webster v. School District,* 16 Wis. 316; *Vibbert v. Shepard,* 15 Wis. 106; *Pinger v. Vanclick,* 36 Wis. 141. These cases also hold that when the appellant can show any good cause for not bringing the appeal to a hearing before the end of the second term, the court will not dismiss the appeal, but will continue the case in court for trial at some other term.

There having been no sufficient excuse given for not bringing the case to a hearing before the end of the second term, the order dismissing the appeal was rightly made.

*By the Court.*— The judgment of the circuit court is affirmed, and the cause remanded for further proceedings.