PLATTO, Appellant, vs. THE WESTERN UNION TELEGRAPH COM-
PANY, Respondent.

| 64 | 341 |
|----|-----|
| 74 | 306 |
| 64 | 341 |
| 89 | 670 |

*October 15 — November 3, 1885.*

APPEAL FROM J. P.    *(1) Failure to bring to trial: Continuance for
cause.    (2) "Special order."*

1. If, at the second term after a justice makes return to an appeal, the
appellate court continues the case over the term for cause, the
appeal is saved, and thenceforth, as regards laches of the appellant,
the case stands on the same footing as one originally brought in
the appellate court.
2. The order for such continuance, whether formally written out on
the record or not, is a "special order" within the meaning of sec.
3766, R. S.

APPEAL from the County Court of *Milwaukee* County.
This appeal is from an order of the county court dismiss-
ing an appeal by the plaintiff from the judgment of a justice
of the peace, because the same was not brought to a hear-
ing before the end of the second term after the return of
the justice was filed in that court.

The appeal from the judgment of the justice was taken
November 12, 1883; the return of the justice thereto was
filed November 22d, and the cause was noticed by the
plaintiff for trial at the December term, 1883, of the county
court.    Not having been tried at that term, the plaintiff··.
again noticed it for trial at the March·term, 1884.    During
the said March term, H. M. Finch, Esq., one of the attor-
neys of the defendant, died.    Thereupon and because of
his death the surviving members of the firm of which he

was a member, or one of them, requested the plaintiff to join them in a stipulation that the cause be continued over that ·term. The plaintiff signed the stipulation, the same was filed, and the cause was continued accordingly. It was not again noticed for trial.

During the December term, 1884, on motion of the defendant, the appeal was dismissed for the reason above stated. Regular terms of the court were held in June and September, 1884.

*J. V. V. Platto*, appellant, *pro se*.

*B. K. Miller, Jr.*, of counsel, for the respondent.

LYON, J. Unless the plaintiff's appeal from the judgment of the justice was properly dismissed under sec. 3766, R. S., the order of dismissal must be reversed. That section reads thus: "If neither party shall bring the appeal to a hearing in the appellate court before the end of the second term after filing the return of the justice therein, such court shall dismiss the appeal unless it shall continue the same by special order for cause shown."

What occurred at the first term after the justice filed his return to the appeal, that is, at the December term, 1883, is entirely immaterial. The proceedings in the cause at the second term thereafter, to wit, the March term, 1884, are alone important. At such March term a stipulation for a continuance over the term, signed by the attorneys for both parties, was filed. This of itself was good and sufficient cause for a continuance without reference to the reasons which prompted the attorneys to enter into the stipulation. But were it necessary to look behind the stipulation for cause of continuance, we find ample cause therefor in the sudden death during the same term of Mr. Finch, who seems to have had charge of the case for the defendant. The court continued the case, therefore, "for cause shown," and the record showed the fact when the appeal was dismissed.

The order for such continuance, whether formally written out in the record or not, is a "special order" within the intent and meaning of the statute. Hence at the March term, 1884, the court did everything required by the statute to save the appeal, and its action in the premises is *res adjudicata* in the case. The court could not properly rule at a subsequent term that cause was not shown for a continuance over the March term, 1884; and if another special order to the effect that cause was shown was necessary to save the appeal, such order should have been made. We think, however, that one order in that behalf is quite sufficient, and we hold that if the appellate court at the second term after the justice makes return to an appeal continues the case for cause over that term, the requirements of the statute are complied with and the appeal saved. From thenceforth the case, as regards laches of the appellant, stands on the same footing as one originally brought in such appellate court.

If an order thus saving an appeal is not made at such second term, it must be obtained at a subsequent term, or the appeal will be dismissed. See *Holt v. Coleman*, 61 Wis. 422, and cases cited in the opinion.

*By the Court.*— The order of the county court dismissing the appeal is reversed, and the cause remanded for further proceedings according to law.