COMDOHR, Respondent, vs. COLEMAN, Appellant.

*October 18 — November 3, 1885.*

*Appeal from J. P.: Failure to bring to hearing: Dismissal.*

The mere fact that the respondent in an appeal from a justice expressed an anxiety to settle the cause and talked to the appellant about such settlement, will not excuse the failure of the latter to notice the cause for trial and bring it to a hearing before the end of the second term after the return of the justice is filed; and upon such failure, the appeal, unless continued by special order for cause shown, must be dismissed. Sec. 3766, R. S.

APPEAL from the County Court of *Milwaukee* County. The case is thus stated by Mr. Justice CASSODAY:

"June 28, 1884, the plaintiff obtained a judgment against the defendant before a justice of the peace. July 1, 1884, the defendant appealed therefrom to the county court. August 22, 1884, the appeal was noticed for trial at the September term of that court, and placed upon the calendar for trial at that term, but was continued at the request of the plaintiff and by the consent of the defendant. Thereafter, and about the time for noticing the cause for trial at the December term of said court, the plaintiff called upon the defendant and his attorneys, and expressed his anxiety to have the cause settled. The plaintiff and defendant had several interviews directly and indirectly in reference

to a settlement, but no settlement was ever consummated. By reason of the plaintiff's said conduct and anxiety for a settlement, the cause was not noticed for trial, nor put upon the calendar of the December term of said court for 1884, nor brought to a hearing by either party during that term, nor during the March term of said court for 1885. April 27, 1885, the plaintiff gave notice to the defendant of a motion, to be made at the opening of the court May 11, 1885, or as soon thereafter as counsel could be heard, upon an affidavit stating the facts, and upon the papers, records, and proceedings on file, for an order dismissing the appeal in the case, on the ground that said appeal had not been brought to a hearing within the time required by law. June 6, 1885, the court ordered that said appeal be, and the same was thereby, dismissed with costs against the plaintiff. From that order, and the whole thereof, the defendant appeals."

For the appellant there was a brief by *Nath. Pereles & Sons* and *E. P. Smith*, and oral argument by *Mr. J. M. Pereles*.

*John A. Wall*, for the respondent.

CASSODAY, J.   Neither party brought the appeal to a hearing in the appellate court before the end of the second term after the filing of the return of the justice therein, as required by the statute. Secs. 2847, 3766, R. S. Merely noticing the cause for trial at the first term after the filing of the return was not the bringing of the appeal to a hearing within the meaning of that section. *Holt v. Coleman*, 61 Wis. 422. Nor was the continuing of the cause at that term by consent of the parties the bringing of the appeal to a hearing within the meaning of that section. *Ibid.; Platto v. W. U. Tel. Co. ante*, p. 341, in which an opinion is filed herewith. The appeal was not continued by special order for cause shown during the second term, nor even

during the third term. *Ibid.* Nor was the neglect to notice the cause for trial at the second term excused by any proper showing within the rulings of this court. *Howe v. Elliott,* 24 Wis. 677; *Pinger v. Vanclick,* 36 Wis. 141. The mere fact that the respondent in the appeal from the justice expressed an anxiety to settle the cause, and talked to the defendant about such settlement, was no excuse for the appellant's failure to notice the cause for trial. Except in the cases mentioned, the statute is peremptory, and requires that "such court shall dismiss the appeal." While such is the statute, we have no alternative but to give it effect.

*By the Court.*—The order of the county court is affirmed.