BATES, Respondent, vs. STEELE, Appellant.

*February 5 — February 23, 1886.*

*Appeal from J. P.: Dismissal: Continuance at first term.*

The continuance of a cause appealed from a justice's court, by special order for cause shown, at the first term after the filing of the return of the justice, will not save the appeal from dismissal (under sec. 3766, R. S.) unless it is brought to a hearing before the end of the second term, or unless, at such second term, it is again continued by special order for cause shown. And this is so although the plaintiff took judgment in the justice's court by default, and issue

Bates vs. Steele.

· was not joined until the first term after the filing of the return, and the cause was then continued at the instance of the plaintiff. *Howe v. Elliott,* 24 Wis. 677, and *Pinger v. Vanclick,* 36 id. 141, distinguished.

APPEAL from the County Court of *Milwaukee* County.

The plaintiff recovered a judgment in justice's court against the defendant by default. The defendant appealed to the county court, and from an order of that court dismissing his appeal has appealed to this court. The facts will sufficiently appear from the opinion.

*J. M. Clarke,* for the appellant, contended that at the March term, 1885, a sufficient hearing was had, and a continuance for cause shown was granted; and that this case presents a stronger claim for the interposition of the court to protect the appellant from wrong under sec. 3766, R. S., than the cases of *Pinger v. Vanclick,* 36 Wis. 141; *Howe v. Elliott,* 24 id. 677; *Wilcox v. Holmes,* 20 id. 307; or *Platto v. W. U. Tel. Co.* 64 id. 341. The appellant was guilty of no neglect, and attempted in good faith to bring the cause to a hearing within the time.

*E. G. Comstock,* for the respondent.

ORTON, J. The appeal of the defendant from the judgment rendered by the justice against him to the county court was taken December 30, 1884, and the return was made on the 10th day of January next following. There was no appearance of the defendant before the justice, and judgment was rendered on proof of the plaintiff's cause of action. On February 24th next following the defendant, by his attorneys, served on the plaintiff his notice of appearance in the action, and on the 26th day of February filed said notice in the county court, and at the same time served upon the plaintiff notice of trial for the next term of said court, commencing on the 10th day of March. On the 20th day of April, during said term, the cause having been

reached in its order on the calendar for trial, the defendant. with his witnesses being present in court and ready for trial, he moved the court for leave to file an answer to the complaint, which, on objection by the plaintiff's counsel, was granted, on payment of $10 costs. The counsel of the plaintiff thereupon stated to the court that the plaintiff was taken by surprise, and was not ready for trial at that time, and moved the court for a continuance until the next and June term of said court, and it was so continued. The cause was not noticed for trial at that term by either party. The defendant having noticed the cause for trial at the next and September term, the plaintiff's counsel, on the 28th day of August, before said term, served upon the defendant's counsel a notice of a motion to dismiss said appeal on the ground that it had not been brought to a hearing before the end of the second term after the filing of the return of the justice, and the court granted the motion on that ground, and dismissed the appeal, from which order this appeal is taken.

This order was based upon sec. 3766, R. S., which reads as follows: "If neither party shall bring the appeal to a hearing in the appellate court before the end of the second term after filing the return therein, such court shall dismiss the appeal, unless it shall continue the same by special order for cause shown." It is plausibly contended by the learned counsel of the appellant that the cause having been continued "by special order for cause shown," at the instance of the plaintiff and without the fault and against the objection of the defendant, at the first term after the return, the rule of the statute was satisfied, and that the case would thereafter remain on the calendar as causes originally brought in the county court. This statute has recently received an authoritative construction by this court in *Platto v. W. U. Tel. Co.* 64 Wis. 341, by the following pointed and comprehensive language of Mr. Justice Lyon in his opinion: "The proceedings in the cause at the second term thereafter, to

wit, the March term, 1884, *are alone important*," meaning the second term after the return of the justice. The same construction is placed upon this statute in *Holt v. Coleman*, 61 Wis. 422, by the following language of Mr. Justice TAYLOR: "Two terms having passed since the justice's return was filed in said court, and no trial or hearing of the case having been had, the respondents were entitled to a dismissal of the appeal." The exception which follows this language does not change its full effect and meaning. The same construction is reaffirmed in *Comdohr v. Coleman*, 64 Wis. 413. It is entirely immaterial what was done with the case at the first term, so that it remained in the court to which the appeal was taken so as to be there the first term after the return, if the cause is not brought to trial at that term. The second term is the only one to which the statute has any application. If at that term the cause is continued by special order of the court for cause shown, then the statute is satisfied, and it remains in court like cases originally brought there, and under the same rules.

The cases of *Howe v. Elliott*, 24 Wis. 677, and *Pinger v. Vanclick*, 36 Wis. 141, are not inconsistent with this construction. In the first case the order of dismissal was made without notice, and before the end of the term, and it ought to have been continued at the second term, as the appellant supposed it was by the plaintiff, and was so informed, and its dismissal was caused by the fraudulent concealment and bad faith of the opposite counsel; and in the other case it was dismissed because the appellant had not noticed it for trial for two terms. The laches which may be excused in not bringing the cause to trial, mentioned in the first case, must relate to the second term, and then it might operate substantially to a continuance of the cause at that term for cause. But the cause must be either tried or continued by special order for cause shown at the second term, or it may be dismissed on motion duly noticed. There

can be no other construction of this section without doing violence to its language and obvious meaning.

The statute relates to all appeals from a justice; and that there was no answer until allowed in the appellate court does not make them other than appeals, or make the first term after the return other than the first term.

*By the Court.*— The order of the county court is affirmed.