SUTTON, Appellant, vs. WEGNER, Respondent.

*September 19 — October 9, 1888.*

*(1) Pleading: Scandalous matter: Amendment after motion to strike out: Costs of motion: Appealable order. (2, 3) Appeal from J. P.: Continuance: Affidavit of merits.*

1. On the same day that a reply to a counterclaim was served the defendant served notice of a motion to strike out certain language in such reply as scandalous and redundant. On the next day the plaintiff served an amended reply, omitting the language objected to. Afterwards, on the hearing of the motion to strike out, the court made an order which, after reciting the service of the amended reply, merely ordered that the plaintiff pay to the defendant $10 costs of the motion. *Held:*

    (1) The order was appealable.

    (2) The order was irregular and should be reversed.

2. Where an application for the continuance of an appeal from a justice's court was made during the second term after the return of the justice was filed, the fact that such application was not determined until after the end of said term did not deprive the court of jurisdiction or take away its right to continue the appeal by special order for cause shown.

3. An affidavit, by a defendant applying for a continuance, that "he has fully and fairly stated the case herein to his counsel [giving

name and residence], and from such statement so made he is advised by his said counsel and verily believes that he has a good, valid, and substantial defense in this action upon the merits thereof and to the whole and every part thereof," is *held* a sufficient affidavit of merits.

APPEAL from the County Court of *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was commenced in justice's court, February 11, 1887. On the venue being changed, a complaint was filed, claiming damages for the amount of a promissory note of $100 and interest, and $64 for the use of a horse. The answer was a general denial. The cause was adjourned from time to time until April 22, 1887, when the defendant failed to appear, and the plaintiff obtained judgment. From that judgment the defendant appealed to the county court, May 11, 1887.

June 25, 1887, in pursuance of notice of motion served with the papers upon which it was based, the county court made an order allowing the defendant to file and serve an amended answer in the cause, which was done; which answer, in effect, admits the execution of the note, but claims that it evidenced the total amount of the plaintiff's claim against him, and without any reference to the defendant's claims against the plaintiff, but otherwise denies each and every allegation of the complaint. The answer also contains two counterclaims, one of $63 and the other of $183.13. To such counterclaims the plaintiff served a reply, July 15, 1887, in effect denying each and every allegation therein contained; and, among other things, containing this clause: " This plaintiff further says that the amended answer of the defendant herein is a fraud and a sham, without any foundation in fact, and is made in bad faith and for no honest or legitimate purpose whatever." July 15, 1887, the defendant served notice of motion to strike out from said

reply the words thus quoted, " as redundant and scandalous."
July 16, 1887, the plaintiff served an amended reply, which
entirely left out the words quoted, and simply contained a
general denial.    July 18, 1887, that amended reply was re-
turned to the plaintiff's attorney.    September 10, 1887, the
motion to so strike out of said reply the words quoted came
on to be heard; and, on hearing the parties, the court on
that day made an order reciting such service of said amended
reply with such scandalous matter omitted; and then "or-
dered that the plaintiff pay to the defendant or his attorney
ten dollars, the costs of the motion."

Upon affidavits, showing, among other things, a futile
attempt on the part of the defendant to notice said cause
for trial at the September term of said court, and upon the
records and files of the court, the defendant gave notice of
a motion to be made October 8, 1887, for a continuance of
the appeal until the next term of the court, and to extend,
by order of said court, the time for bringing the same to
trial or hearing until said next term.    Upon the hearing of
that motion, the court, on November 5, 1887, " ordered that
this cause be, and the same is hereby, continued over this
present (October, 1887) term of said court, and until the
next succeeding term thereof, at which said cause can be
noticed for trial; and it is further ordered that the defend-
ant pay unto the plaintiff, within five days from this date,
ten dollars, as a condition of granting herein this order."

Thereupon the plaintiff in one notice appealed from said
order of September 10, 1887, and said order of November
5, 1887.

*J. J. Sutton*, appellant, in person.

For the respondent there was a brief by *Turner & Tim-
lin*, and oral argument by *W. J. Turner*.    To the point that
the order of September 10 was right, they cited *Hill v.
Smith*, 2 How. Pr. 242; *Bates v. Jaines*, 1 Duer, 668; 32
How. Pr. 310.

Sutton vs. Wegner.

CASSODAY, J.  1. The plaintiff served his amended reply the next day after the service of the original.  He had the right to amend as "of course, without costs and without prejudice to the proceedings already had."  Sec. 2685, R. S. It may be questionable whether the mere omission of the alleged scandalous words should be regarded as an amendment.  Assuming that it should, still the right to make it, as "of course" and "without costs," should not be taken away by such hasty motion to strike out.  Besides, it is not very evident that such amendment was prejudicial to any proceeding already had.  Certainly there was no adjudication to that effect.  It secured to the defendant all he sought by his motion without any adjudication.  Had the trial court rightfully adjudicated that the words thus omitted were pertinent to the issue, and properly pleaded, and not scandalous, then, obviously, the amendment could not have been prejudicial to any proceeding already had.  The order on the motion to strike out did not determine that the amendment was thus prejudicial, nor anything else.  It simply imposed $10 as "the costs of motion" on the plaintiff, without determining anything.  On this simple review of that order we are not at liberty to adjudicate upon matters which the trial court thus failed to determine.  An order thus imposing costs is irregular, and is certainly appealable.

2. The return of the justice was filed in the county court in time to have noticed the cause for trial and placed it upon the calendar for the June term of that court.  It was not so noticed nor placed upon the calendar for that term, nor for the September term, 1887.  Such failure on the part of the defendant as to the September term seems to have been the result of a miscarriage in a *bona fide* attempt to serve the notice of trial in time.  The rightfulness of the amendment to the answer by leave of the court, setting up counterclaims which would have been in excess of the ju-

risdiction of the justice, is not challenged. Whether such amendment took the case out of the statute (sec. 3766, R. S.) requiring the appeal to be brought to a hearing before the end of the second term after the filing of the return of the justice, was not argued and has not been considered. For the purposes of this appeal we assume that it did not. During the September term the defendant gave notice of a motion to be made October 8, 1887, for the continuance of the appeal by the special order of the court for cause shown in the affidavits served with such notice. The cause so shown was held to be sufficient, and we think such holding is sanctioned by the repeated decisions of this court. *Ilolt v. Coleman*, 61 Wis. 426; *Platto v. W. U. Tel. Co.* 64 Wis. 341; *Comdohr v. Coleman*, 64 Wis. 413. The mere fact that such application for continuance was not determined until after the end of such second term did not deprive the court of jurisdiction, nor take away its right to so continue such appeal by special order on cause being shown. *Holt v. Coleman*, 61 Wis. 426. In fact the allowance of such continuance after the time thus limited by statute has expired, for good cause shown, seems to be expressly authorized by sec. 2831, R. S. *Whereatt v. Ellis*, 68 Wis. 72; *Milwaukee Co. v. Pabst*, 64 Wis. 247. We find no error in such continuance of the appeal.

3. The principal objection made is that the affidavit of merits is insufficient. In support of this position counsel rely upon the ruling in *Pinger v. Vanclick*, 36 Wis. 141. In that case the affidavit was by the defendant's attorney, and stated that, " upon the examination of the *testimony given before the justice* and from *the statement of facts made to him by the defendant*, he verily believed," etc. This was properly held not to be a compliance with the rule which required " that *the case* in such action has been *fully* and *fairly* stated to his counsel," etc. Sec. 2, Circuit Court Rule XX. Here there seems to be a full, if not a literal,

compliance with that rule.   The defendant's affidavit states "that he has fully and fairly stated *the case* herein to  . . . his counsel," etc.

*By the Court.*— The order of continuance is affirmed, and the order imposing costs on the motion to strike out is reversed, and the cause is remanded to the superior court of Milwaukee county for further proceedings according to law.   No costs are allowed to either party, except the appellant is required to pay the fees of the clerk of this court.

