FRED. MILLER BREWING COMPANY, Respondent, vs. QUIRK,
imp., Appellant.

· *April 13 — May 3, 1892.*

*Appeal from justice's court: Failure to bring to hearing: Dismissal:
Waiver.*

1. Where the failure to bring an appeal from justice's court to a hearing before the end of the second term was caused by the appellant misleading his attorney by unfounded statements that the matter would be settled, the appellate court properly refused to continue the case and dismissed the appeal.
2. The respondent's admission of service of a notice of trial for the third term was not a waiver of his right to move to dismiss under sec. 3766, R. S.

APPEAL from the Superior Court of *Milwaukee* County.
This is an appeal from an order dismissing an appeal from a justice's court to the superior court of Milwaukee county, because the appeal was not brought to hearing before the end of the second term, as required by sec. 3766, R. S. Upon the motion to dismiss it appeared, by affidavits filed in opposition to the motion, that the appellant seasonably served a notice of trial for the third term, service of which was admitted by respondent's attorneys, but that said notice was returned on the following day, with an indorsement stating that it was returned because two terms had gone by without bringing the case to trial. It appeared, further, that after the appeal was taken the appellant *Quirk* personally conducted negotiations with respondent's attorneys, and repeatedly told his attorney that the appeal would never come to trial; that he believed it would be discontinued, or, if not, then it would be settled; and that in consequence of such statements the appellant's attorney failed to notice the cause for trial.

*Jared Thompson, Jr.,* for the appellant, to the point that by the unqualified written admission of service of the notice

of trial, and by retaining the notice under such admission, the respondent waived the right to proceed under sec. 3766, R. S., cited *Georgia Lumber Co. v. Strong*, 3 How. Pr. 246; *Sherman v. Gregory*, 42 id. 481; *Knickerbacker v. Loucks*, 3 id. 64; *Gorton v. Bailey*, 46 Wis. 633, 635–6.

For the respondent the cause was submitted on the brief of *Nath. Pereles & Sons.*

Winslow, J. The admission of service of notice of trial for the third term was not a waiver of the right to move to dismiss. *Holt v. Coleman*, 61 Wis. 422. Was good cause shown for continuing the case? We think not. The affidavits do not show that the respondent's attorney gave the appellant any encouragement to believe that they would discontinue the case. The superior court held, as the fact seems to be, that the appellant misled his own attorney, and that the failure to notice the case was the direct result of his own neglect. Under these circumstances, no case was presented justifying the court in continuing the cause.

*By the Court.*— Order affirmed.