Stone vs. Halpin.

STONE, Appellant, vs. HALPIN, Respondent.

*November 1 — November 15, 1892.*

*Justices' courts: Appeal: Dismissal: Reinstatement.*

1. An appeal from a justice's court having been dismissed for want of prosecution, an order reinstating it is *held* to have been properly granted, where it appeared that the appeal was not brought to trial

Stone vs. Halpin.

at the second term because the appellant's attorneys understood that it had been agreed between them and the respondent's attorneys that it should await the determination of another action pending between the same parties.

2. The motion to reinstate having been made at the same term of the circuit court as the order of dismissal, the court retained jurisdiction to grant the motion at the next term. [Whether it could have reinstated the appeal at any time within one year, under sec. 2832, R. S., not determined.]

APPEAL from the Circuit Court for *Ashland* County.

The appeal is from an order reinstating an appeal by the defendant from a judgment rendered against him in justice's court, which appeal had been dismissed for want of prosecution. The facts will sufficiently appear from the opinion.

The cause was submitted for the appellant on the brief of *R. Sleight*, and for the respondent on that of *Rublee A. Cole*.

For the appellant it was contended, *inter alia*, that the appeal, having been properly dismissed, cannot afterwards be reinstated for any reason. *Comdohr v. Coleman*, 64 Wis. 413; *Holt v. Coleman*, 61 id. 422; R. S. sec. 3766.

ORTON, J. At the first term after the return of the justice on appeal, the case was continued on application of the plaintiff, and at the next term the case was not brought to trial, and the appeal was dismissed under the statute. It appears from the minutes of the clerk that, at the term when the appeal was dismissed, the attorney of the defendant appeared in court, and gave notice in the presence of the attorney for the plaintiff of a motion to reinstate the appeal and set aside the order dismissing the action, and asked for time to prepare affidavits. The court thereupon, in presence of the counsel of the plaintiff, ordered that time be given for the defendant's attorney to make and file affidavits, and that all proceedings be stayed on

Stone vs. Halpin.

the part of the plaintiff, and defendant's attorneys were directed to serve copies of all affidavits at least eight days before the hearing of said motion. Afterwards, in due time, the affidavits on said motion were filed, showing, in effect, as a reason why said appeal was not brought to trial at the second term after it was taken, that the attorneys of the defendant understood that it was agreed between them and the attorneys of the plaintiff that the case should not be brought to trial at that term, but should await the determination of another action between the same parties then pending, and that some of the matters of defense depended upon such determination. This is denied by the attorneys of the plaintiff, but it is apparent that the attorneys of the defendant so understood and relied upon such agreement, and were taken by surprise by the dismissal of the appeal. On these facts the court made the order reinstating said appeal, from which this appeal is taken. It is quite evident that, if the attorneys of the plaintiff did not so agree, the attorneys of the defendant were under an honest mistake, inadvertence, and surprise, for which the court was justified in relieving the defendant from the order dismissing the appeal. Action was taken at the same ·term to reinstate the appeal, and the court retained jurisdiction of the motion to grant the order at the next term. *Sutton v. Wegner,* 72 Wis. 294. It is by no means certain that the court could not have reinstated the appeal within one year, under sec. 2832, R. S., on the ground of mistake alone. The court not only had jurisdiction, but good ground to grant the motion.

*By the Court.*— The order of the circuit court is affirmed.