WHITHAM, Appellant, vs. MAPPES and others, Respondents.

*February 11 — March 5, 1895.*

*Appeal from justice's court: Failure to bring cause to hearing: Continuance after second term.*

Under sec. 3766, R. S., providing that if an appeal from a justice of the peace is not brought to a hearing in the appellate court before the end of the second term after filing the return of the justice, "such court shall dismiss the appeal, unless it shall continue the same by special order for cause shown," the power to so continue the cause may be exercised after the end of the second term; and especially is this so, in view of sec. 2831, providing that except as otherwise prescribed the court may, in its discretion, on good cause shown, allow any proceeding in an action to be taken after the time limited by statute or by any order of court has expired.

APPEAL from a judgment of the circuit court for La Fayette county : GEO. CLEMENTSON, Circuit Judge. *Reversed.*

This action was commenced before a justice of the peace, and judgment rendered therein against the plaintiff July 25, 1890. On August 14, 1890, the plaintiff appealed to the circuit court. On August 27, 1890, the return of the justice was filed in the circuit court. The cause was not noticed for trial, nor put upon the calendar, nor continued for cause, at the December term of said court for 1890. It was noticed for trial at the regular June term for 1891, but the presiding judge of said circuit court, of his own motion, adjourned said court without hearing any case. At the December term of said court for 1891, the plaintiff's attorney attempted, in good faith, to notice the cause for trial, but failed by reason of the miscarriage of the mail. The cause was duly noticed for trial by the plaintiff for the June term of 1892, and was on the issue calendar of said court for that term. The defendants at that term moved the court to dismiss the appeal, for the reason that the same had not been brought to a hearing before the end of the second term after the return of the justice had been filed, nor continued by special order or otherwise at either of the two terms of said court held since the filing of such return.

Upon the hearing of that motion the court found that the facts stated were true; that the plaintiff had satisfactorily shown to the court that he had a meritorious cause of action against the defendants, and had shown to the court a good and sufficient reason and excuse for not having brought said action to a hearing before the end of the said second term of said court, and for the reinstating and continuing of said cause in said court at said last-mentioned time; but, the court being of the opinion that it had no lawful power and authority to grant the relief asked for by the plaintiff after the end of the second term after the filing of said return, it was therefore, July 8, 1892, ordered that said application be denied without costs. Thereupon judgment of dismissal of said appeal was entered against said plaintiff and his sureties

in said action, and in favor of said defendants, with costs. From that judgment the plaintiff appeals.

*W. H. Beebe,* for the appellant.

For the respondents there was a brief by *Wilson & Martin,* and oral argument by *H. C. Martin.*

CASSODAY, J.   The statute provides that " if neither party shall bring the appeal to a hearing in the appellate court, before the end of the second term after filing the return of the justice therein, such court shall dismiss the appeal, *unless it shall continue the same by special order for cause shown.*" R. S. sec. 3766.   The manifest purpose of this statute is to secure good faith in the taking of appeals in such petit cases by limiting the time for bringing them to a hearing in the appellate court, *as a strict matter of legal right,* to two terms after the filing of the return of the justice therein; but there is nothing in the section which imperatively requires that the cause must be actually determined and disposed of during the time so limited.   On the contrary, the section expressly reserves to the appellate court authority to " continue the same by special order *for cause shown.*"   This court has repeatedly sanctioned the exercise of such reserved power by such appellate courts.   *Wilcox v. Holmes,* 20 Wis. 307; *Howe v. Elliott,* 24 Wis. 677; *Holt v. Coleman,* 61 Wis. 426. " If, at the second term after a justice makes return to an appeal, the appellate court continues the case over the term for cause, the appeal is saved, and thenceforth, as regards laches of the appellant, the case stands on the same footing as one originally brought in the appellate court."   *Platto v. W. U. Tel. Co.* 64 Wis. 341.   The reason why the case stands on the same footing as one originally brought in such appellate court, after such continuance for cause shown, is that such continuance is an adjudication to the effect that the appeal is in good faith and the controversy is meritorious.

But it is contended that, unless the power to grant such

continuance is exercised before the end of the second term after the filing of the return, the court is, by reason of the wording of the statute, powerless to grant such continuance or reinstate the cause thereafter. The trial court was of this opinion, and so held that it had "no lawful power and authority to grant the relief asked for by the plaintiff after the end of the second term." If the court had power in its discretion to grant such relief, upon a proper showing, then such refusal to exercise such discretion, on the ground that it had no such power, is an error of law which must work a reversal. *Smith v. Dragert*, 61 Wis. 222; *Schillinger v. Verona*, 85 Wis. 595. We are constrained to hold that the trial court had such discretionary power, and erroneously refused to exercise the same. It was never designed by the statute quoted to absolutely bar and forever destroy a meritorious cause of action or defense merely because, by some mistake or by some excusable neglect or inadvertence, such appeal has not been brought to a hearing before the end of such second term; and hence the reserved power of continuing the same "for cause shown."

Besides, there is another section of the statutes, not only authorizing an enlargement of the time within which any proceeding in an action may be taken before its expiration, but which expressly provides that "except" as therein mentioned "and as otherwise specifically prescribed by law, the court or a judge may also, on motion and *good cause shown, in discretion,* and upon such terms as may be just, allow any such proceedings to be taken *after the time limited by or in pursuance of the statute,* or by any order of court, has expired." R. S. sec. 2831. In *Pinger v. Vanclick*, 36 Wis. 141, the cause was not noticed for trial nor brought to a hearing either during the first or second term after the filing of the return, and near the close of the second term the appeal was, on motion of the plaintiff and against the protest of the defendant, dismissed for the reason stated. At the next

term the defendant moved to reinstate the cause, and the refusal to grant the motion was sustained by this court on the ground that the showing was insufficient, but not for want of power; and the court expressly held that, under the statute last cited, the court had the power and would have been authorized to exercise it had the showing been sufficient. In *Cook v. McDonnell*, 70 Wis. 3 29, the cause was not brought to a hearing either during the first or second term after filing the return, and an order made more than two years and a half afterwards dismissing the appeal for want of prosecution was reversed by this court on the ground that the showing made was sufficient, in the exercise of a sound discretion, to excuse the delay and reinstate the case. The statute must have a reasonable construction. It does not require impossibilities. *Newman v. Board*, 74 Wis. 306. The power of the court, under the statutes cited, to grant such continuance or reinstate the case for good cause shown, after the time thus limited by statute for bringing the appeal to a hearing, was also expressly sanctioned in *Sutton v. Wegner*, 72 Wis. 298.

We confine our decision here to the error of law mentioned, leaving open to the trial court its rightful exercise of a sound discretion.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.