THE NORTHWESTERN IRON COMPANY, Respondent, vs. CRANE, Appellant.

*September 22 — October 12, 1886.*

*Change of venue: Prejudice of county judge: How prejudice of circuit judge made to appear.*

If, upon an application in a county court for a change of the place of trial because of the prejudice of the judge, the affidavit alleges also the prejudice of the circuit judge for that county, such prejudice thereby sufficiently *appears*, within the meaning of sec. 2467, R. S., and the cause should not be sent to the circuit court for that county.

APPEAL from the County Court of *Dodge* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

While the action was pending in the county court for Dodge county the defendant applied in open court to that court for a change of venue for the reasons stated in the affidavit of the defendant then and there presented, to the effect that he had good reason to believe, and did believe, that he could not have a fair trial of the action in that court on account of the prejudice of Hon. S. W. LAMOREUX, the presiding judge thereof; and also that he had good reason to believe, and did believe, that he could not have a fair trial of said action in the circuit court for Dodge county on account of the prejudice of the Hon. A. SCOTT SLOAN, the presiding judge of the circuit court in and for said Dodge county. Thereupon the county court made and entered the following order in said action, to wit:

"On reading and filing the foregoing affidavit in the action therein entitled, *ordered* that the place of trial of said action be, and the same hereby is, changed to the circuit court of the county of Dodge, Wisconsin.

"*Dated June 1, 1886.*     S. W. LAMOREUX, Judge."

From that order the defendant appeals.

The cause was submitted for the appellant on the brief of *Gerpheide & McKenna*, and for the respondent on that of *A. K. Delaney*.

CASSODAY, J.    The county court for Dodge county had jurisdiction " in all civil actions and proceedings, in law and equity," as is prescribed by ch. 115, R. S.    That statute provided that " the general provisions of law which may at any time be in force relating to the circuit courts, and to civil actions and proceedings therein, shall relate also to the said county courts [including Dodge], unless inapplicable, and except as herein otherwise provided."    Sec. 2466.    The statute relating to the change of venue from circuit courts provides that " the court *shall* change the place of trial of any action upon the application of any party thereto who shall file his affidavit that he has good reason to believe, and does believe, that he cannot have a fair trial of such action on account of the prejudice of the judge, naming him " (sec. 2625, R. S.), and further provides that " but one change of the place of trial shall be granted to the same side under the provisions of this section."    *Ibid.*

This application for a change of venue was made under that section, except as modified by the statutes relating to county courts.    Those statutes provide that, " whenever the place of trial in either of said county courts [including Dodge] shall be changed on account of the prejudice or disqualification of the judge, it shall be changed to the circuit court of the same county, *unless it shall appear* that the circuit judge thereof is also prejudiced or disqualified in such action or proceeding, in which case the action shall be removed to the county court of an adjoining county, if any such there be, having jurisdiction thereof; otherwise to the circuit court for some county in an adjoining circuit."    Sec. 2467, R. S.

The primary purpose of this section was to prescribe the

court to which such cause should be sent on such application. But it is claimed "that the prejudice of the judge of the circuit court can only be made to *appear* after a full hearing, upon proofs submitted." It stands confessed, in effect, that the application for the change of venue was here properly made in time, and upon a sufficient affidavit, to entitle the defendant to the change from the county court as a matter of right. This court has frequently held the first clause quoted from sec. 2625, R. S., to be imperative, and that the effect of such application was to deprive the judge or court of all further jurisdiction of the case, except to make the order of removal in obedience to the statute. *Hewitt v. Follett*, 51 Wis. 274.

As observed, sec. 2466, R. S., made this rule of law applicable to the county court in the case at bar; and since the application for the change of venue was properly made in time and upon a sufficient affidavit to deprive the county judge or county court of all further jurisdiction of the case except to make the order of removal in obedience to the statute, it is not perceivable upon what theory, even had the attempt been made, he could thereafter retain the cause and give the parties a full hearing, upon proofs to be submitted by the respective parties, as to whether the circuit judge mentioned in the affidavit was also prejudiced in the cause, and then to determine upon such proofs the existence or non-existence of such prejudice. Can the mandatory statute quoted be so construed as to deprive the county judge, without a hearing or an opportunity of presenting proofs, from determining the question of his own prejudice, and still thereafter continue in him the necessary jurisdiction to fully hear proofs of the respective parties and then determine from such proofs whether the circuit judge named in the affidavit was or was not also prejudiced in the cause? Certainly the statute nowhere expressly provides for the trial of such an issue, and we do not think it can fairly be in-

ferred from the words "unless it shall appear," contained in sec. 2467, R. S. Under the provisions of that section, the county judge must, upon such application being made, send the cause " to the circuit court of the same county, unless it shall appear that the circuit judge thereof is also prejudiced or disqualified." How must either of these facts be made to appear? Manifestly, in the same way as the prejudice of the county judge must be made to appear. Confessedly that is by an *ex parte* affidavit or verified petition. It was so made to appear in this case.

It would be most unseemly for a judge, who was himself disqualified from hearing a cause by reason of his own prejudice, nevertheless to retain jurisdiction for the purpose of determining, after a full hearing, whether another judge was also prejudiced. Suppose the circuit judge was in fact prejudiced, but the county judge, " after a full hearing upon proofs submitted," had determined that he was not so prejudiced, what remedy would be left to the defendant? As observed, the statute only authorizes one change of venue on the ground of prejudice to the same side. The affidavit or verified petition for a change of venue on the ground of prejudice is not traversable under the statutes. If it were, it may fairly be assumed that the applicant would very seldom succeed in establishing the prejudice of a judge before whom a cause is pending, much less a judge before whom it is not pending. Wisely or otherwise, the policy of the statute on such application manifestly is to make the affidavit or verified petition conclusive upon the question of prejudice. *Hewitt v. Follett, supra.*

*By the Court.*— The order of the county court is reversed, and the cause is remanded for further proceedings according to law.