Heinemann and another, Respondents, vs. Le Clair, Appellant.

*March 25 — April 12, 1892.*

*Opening default: Oral agreement to extend time to answer: Excusable neglect.*

Plaintiffs' attorney granted orally defendant's request for a few days' extension of the time within which to answer. Defendant says the extension was granted unconditionally, but plaintiffs' attorney says it was upon condition that defendant accept short notice of trial. Defendant's attorney having refused to stipulate for such short notice, plaintiffs' attorney refused to receive the answer and took judgment by default. *Held,* that although the oral agreement to extend the time was not binding, yet, in view of it, the failure to answer in time was due to inadvertence or excusable neglect, and, the proposed answer showing a meritorious defense, the default should be opened on terms.

APPEAL from the Circuit Court for *Ashland* County. This appeal is from an order refusing to open a default and allow defendant to answer in the action. The action is to recover the value — alleged to be $288.47 — of certain goods sold by plaintiffs to defendant. The complaint also alleges an account stated by the parties, showing that sum due plaintiffs from defendant. The summons and complaint were served on defendant April 30, 1891. About May 12, 1891, the defendant applied to plaintiffs' attorney for a few days' extension of time in which to answer, stating his necessary absence from Hurley, where the parties and attorneys reside, as the reason for such request. Plaintiffs' attorney granted the request verbally, but on condition, as he says, that the defendant should accept short notice of trial — the next term of the circuit court being appointed to commence June 1st thereafter. The defendant says that the extension was granted unconditionally. On May 22d defendant's attorney attempted to serve on

plaintiffs' attorney a verified answer containing a general denial, and an averment that the defendant had paid plaintiffs for the goods mentioned in the complaint. Plaintiffs' attorney refused to accept service of the answer unless the defendant's attorney would stipulate for short notice of trial. The latter refused to do so unless the former would stipulate to furnish a bill of particulars of plaintiffs' claim within less than ten days, which he refused to do. On May. 23, 1891, judgment by default was entered for plaintiffs for the amount of their claim. On affidavits showing the facts above stated the defendant moved the court, on June 1, 1891, to open the default and set aside the judgment, and for leave to file and serve an answer. The court denied the motion. From the order in that behalf the defendant appeals.

For the appellant there was a brief by *Ruggles & Curtis*, and oral argument by *Rufus B. Smith*.

For the respondents the cause was submitted on the brief of *Sleight & Foster*, of counsel.

LYON, C. J. There is little to be said on this appeal. Although the plaintiffs are not bound by the verbal stipulation of their attorney, yet, on the question of inadvertence or excusable neglect on the part of the defendant, some weight must be given to the fact that, whether with or without conditions, plaintiffs' attorney verbally agreed to extend for a few days the time to answer. Manifestly the defendant believed he had obtained such extension, although the stipulation to that effect rested in parol, and hence his delay for two days to serve his answer. The proposed answer shows a complete defense to the action, and we think the court went beyond the limits of reasonable discretion when it refused to open the default on proper terms. One of these might have been that the case should be placed on the June calendar for trial without no-

tice.   This would have protected the plaintiff from loss of the term by reason of the default, and at the same time would have saved the defendant from the consequences of his inadvertence or excusable neglect to answer in time, so far as it could reasonably be done.   This state of facts presents a persuasive case for relief.   We think the defendant should be allowed to answer on such terms as to the circuit court shall seem just.

*By the Court.*— The order is reversed, and the circuit court is directed to proceed in the action in accordance with this opinion.