West vs. The City of Eau Claire.

West, Respondent, vs. The City of Eau Claire, Appellant.

*November 13 — December 11, 1894.*

Municipal Corporations.　(1, 2) *Appeal from common council: Security for costs.*　(3–6) *Injury from defective sidewalk: Ice and snow: Court and jury: Contributory negligence: Notice of defect.*

1. The Eau Claire city charter provides for an appeal from the common council in certain cases by the filing of a notice and the execution of *a bond* to the city, "conditioned for the faithful prosecution of such appeal and the payment of all costs that shall be adjudged against the appellant by the court." An undertaking in such a case, after reciting the filing of the notice of appeal to the circuit court for Eau Claire county, was conditioned that the appellant "shall and will faithfully prosecute her appeal and claim *in said circuit court aforesaid,* and will pay all costs that may be adjudged against her by the court, and no more." *Held,* that the insertion of the words "in said circuit court aforesaid" did not so affect the substance of the security that it was not a substantial compliance with the charter.

2. An undertaking having all the requisites of a bond is technically a bond.

3. An uneven and slippery ridge of snow and ice on a sidewalk, or a hole therein, may be such a defect that the city will be liable for injuries caused thereby.

4. Momentary diversion of the attention of a person walking on a sidewalk does not, as a matter of law, constitute contributory negligence.

5. There being evidence tending to show that while plaintiff was passing along a sidewalk she slipped upon a ridge of snow and ice and her foot was in some way held until she fell so as to break her ankle, and that beside or near the ridge there was a hole in the plank of the sidewalk, it would be a legitimate inference, and not "mere conjecture," for the jury to find that her foot went into

West vs. The City of Eau Claire.

the hole and was held there, and that that was the manner of the accident.

6. Where injuries were caused in January by a defect which had existed in the sidewalk since the previous summer, it was not error to charge the jury that that was a sufficient time for the city to have learned of and repaired the defect.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Affirmed.*

This is an action for the recovery of damages caused by a defective sidewalk. The plaintiff was injured, on January 31, 1891, upon one of the sidewalks of the defendant. A ridge of snow and ice, made by the travel along the walk, had been allowed to form and remain. Plaintiff slipped from the ridge, and her foot went through a hole in the plank of the sidewalk and was caught, and her limb was broken. A claim for damages was filed with the city clerk, for the action of the common council. The common council failed to take final action upon the claim within sixty days after its filing. The plaintiff appealed to the circuit court for Eau Claire county, by giving written notice of appeal, and by executing an undertaking to the city of *Eau Claire,* reciting that she had filed a notice of appeal to the circuit court of Eau Claire county with the city clerk, and conditioned " that said *Louisa West* shall and will faithfully prosecute her appeal and claim in said circuit court aforesaid, and will pay all costs that may be adjudged against said *Louisa West,* appellant, by the court, and no more."

The trial court overruled a motion to strike the cause from the calendar and to dismiss the action on the grounds (1) that no bond, but an undertaking only, had been executed to the city; and (2) that the undertaking was not conditioned as the statute in such cases directs. The charter of the city of *Eau Claire* provides for an appeal in such cases by the filing of a notice of appeal with the city clerk, and the execution of *a bond* to the city, " conditioned for

the faithful prosecution of such appeal and the payment of all costs that shall be adjudged against the appellant by the court." Laws of 1889, ch. 184, subch. 7, sec. 25.

There was a trial which resulted in a verdict and judgment for the plaintiff, from which the defendant appeals.

*George C. Teall,* city attorney, for the appellant, contended, *inter alia,* that the undertaking given by the plaintiff, which was in effect conditioned for the faithful prosecution of her appeal and claim *in the circuit court for Eau Claire county* and for the payment of all costs adjudged by that court " and no more," was not the bond required by the charter. Besides the liability of a surety being *strictissimi juris,* it is also well settled that statutory requirements must be strictly pursued or the appeal is invalid. *Clark v. Miles,* 2 Pin. 432; *Brown v. Pratt,* 3 id. 305; *Pelton v. Blooming Grove,* 3 Wis. 310; *Varney v. Caswell,* id. 744; *Thompson v. Thompson,* 24 id. 515; *Myres v. Parker,* 6 Ohio St. 502–504; *Sharp v. Bedell,* 10 Ill. 88; *Drinkwine v. Eau Claire,* 83 Wis. 428.

For the respondent there was a brief by *T. F. Frawley* and *A. C. Larson,* and oral argument by *Mr. Frawley.* They argued, among other things, that where no rights of the obligee or appellee are abridged by the terms of the bond given from that prescribed by the statute, such obligee or appellee cannot complain, and the bond, though not in strict compliance with the requirements of the statute, is sufficient to give the appellate court jurisdiction. *Fondey v. Cuyler,* 1 Wend. 464; *Skellinger v. Yendes,* 12 id. 306; *Ex parte Eastabrooks,* 5 Cow. 27; *People v. Vermilyea,* 7 id. 138; *Shaw v. McIntier,* 5 Allen, 423; *Peck v. Thompson,* id. 388; *Woodman v. Calkins,* 12 Mont. 456; *Rube v. Cedar County,* 35 Neb. 896; *Munn v. Goodlet,* 10 Ark. 89.

NEWMAN, J. The question is whether the undertaking is a substantial compliance with the provisions of the charter.

providing for the security to be given to perfect an appeal
in such cases. No doubt the statute must be strictly com-
plied with in all matters of substance, or there is no appeal.
The object of the provision for security is to provide in-
demnity to the city against loss of its costs in case it prevails
upon the appeal. The security seems to be of no substan-
tial value for any other purpose. This is the only purpose
mentioned in *Drinkwine v. Eau Claire*, 83 Wis. 428. In
that case the bond recited that the plaintiff had apppealed
" to the circuit court for Eau Claire county," and was con-
ditioned for the payment of all costs which should be ad-
judged against the appellant " by the court aforesaid," and
not, generally, " by the court," as prescribed by the charter.
The bond was held not to be a compliance with the charter,
for the reason that the use of the word " aforesaid " limited
the undertaking and the liability of the sureties to the pay-
ment of such costs as should be adjudged against the appel-
lant by the circuit court for Eau Claire county, whereas, it
was said, the action might be removed to another county
than Eau Claire, and costs adjudged against the appellant
in such other county were not within the terms of the bond,
and the surety would not be liable for them. And so the
bond failed to indemnify the city against loss of its costs,
and was not a compliance with the provisions of the charter
in that regard. For that reason the appeal was dismissed.
But the undertaking in appellant's appeal provides for the
payment of all costs which shall be adjudged against the
appellant " by the court," generally, and with no limiting
words. In that respect it differs from the bond in the *Drink-
wine Case*. In that respect it complies, in substance, with
the provision of the charter.

But the undertaking, after reciting that the appellant has
appealed to the circuit court of Eau Claire county, has this
condition: that the appellant shall and will faithfully prose-
cute her appeal " *in said circuit court aforesaid.*" If these

italicized words had been omitted from the undertaking, it would have been in literal compliance with the charter, in that regard. The question is whether their insertion so far affects the substance of the security proposed as that it is not a substantial compliance with the provision of the charter. The purpose of the security is to indemnify the city for its costs. While a failure to faithfully prosecute the appeal is technically a breach of the undertaking, only nominal damages, not substantial damages, for such breach alone could be recovered. But a failure to faithfully prosecute the appeal, either in Eau Claire county or in any county to which the cause may be removed for trial, gives a right to a dismissal of the action, with a judgment for the city's costs. Such a judgment for costs, in whatever county adjudged, is within the literal terms of the undertaking. This condition of the bond is not so much of the substance of the thing to be provided for as to make a strict literal compliance with the charter mandatory. A substantial compliance is sufficient. So it would seem that the undertaking does furnish the city the indemnity for its costs which the charter intended. This makes it, in substance, a compliance with the charter.

But the charter prescribes that the instrument of security shall be " a bond." There must be a substantial compliance with this provision. Doubtless, if the undertaking were not technically a bond, the fact that it affords the indemnity intended would prove it to be a substantial compliance. *Wilson v. Morrell*, 5 Wash. 654. But the undertaking is a species of bond. No certain form is necessary to constitute a bond. It has only a few requisites. It must be in writing; it must name an obligee; it must be sealed and delivered. The plaintiff's undertaking has all the requisites of a bond. It is technically a bond. 2 Am. & Eng. Ency. of Law, 449; Prof. T. W. Dwight, art. Bond, Johns. Ency.

The remaining errors claimed by the defendant are: (2) Denying defendant's motion for a nonsuit; (3) errors in

instructions; (4) denying defendant's motion to set aside the verdict.

The evidence on the part of the plaintiff tended to prove that at the place of the accident was a ridge of snow and ice along the track of the travel on the sidewalk, caused by the travel over the snow which had been allowed to remain and accumulate there; that such ridge was uneven and slippery; that beside and near the ridge was a hole in the plank of the sidewalk; that at the time of the accident the plaintiff's attention was momentarily diverted; that she slipped, her foot went through the hole, and was held there until she fell in such a way as to break her ankle; and that this hole had been there from the previous summer. The evidence tended to establish all the facts necessary to entitle the plaintiff to recover. It was the undoubted province of the jury to determine whether it did establish such facts. This court has held repeatedly, and recently in *Koch v. Ashland*, 88 Wis. 603, that such an accumulation of snow and ice upon a sidewalk may constitute a defect for which the city may be liable, while such a hole in a sidewalk may unquestionably be such a defect. The momentary diversion of the plaintiff's attention could not be contributory negligence as matter of law. The case was not so clear on either branch, upon the evidence, as to call upon the court to withdraw it from the jury. These were questions peculiarly within the province of the jury. It was not error to deny the motion for a nonsuit. The defendant offered no evidence. The case was submitted to the jury for a special verdict. The jury found specially that the hole in the sidewalk was a defect, and caused the accident; that the defect had existed for so long a time that the defendant should have known of and repaired it; and that no negligence on the part of the plaintiff contributed to produce the accident. It cannot be held that there was no evidence to support the verdict upon either point. On the contrary, it was fully sufficient on each point.

But the defendant claims errors in several instructions given by the court to the jury. As to the question, In what did the defect consist? the court instructed as follows: " Now, if you consider the snow that was allowed to accumulate and did accumulate there, if you consider that was a defect, of course you will say so; if the evidence satisfies by a preponderance of such evidence that there was a hole in the sidewalk, of that character, size, and condition, which rendered the sidewalk unsafe for travel, why then you will state, of course, it was the hole in the sidewalk, if the evidence should satisfy you that the hole was there at the time." This seems to be unobjectionable. Either the ridge or the hole might be so serious a defect as to sustain plaintiff's action. Both together, or the hole alone, might be sufficient cause to produce plaintiff's accident.

The court also instructed: " If you find that she would not have fallen, while carefully walking upon this ice, unless her feet had gone into some hole or defect in the sidewalk, then you will answer that it was caused by her slipping on the ice, primarily, and a foot slipping upon the ice into a depression in the sidewalk, if the evidence so satisfies you." And so the jury found. The objection made to this instruction, and to the verdict upon this question, is that there is no direct or positive evidence that the plaintiff's foot went into a hole in the sidewalk at all. No one saw her foot in such a place, and plaintiff could not testify positively just how her ankle came to be broken. The hole was there; the foot was somehow held; the ankle was broken. It would be a legitimate inference, and not " mere conjecture," for the jury to find that the foot went into the hole and was held there, and that that was the manner of the accident.

The defect which the jury found to be the cause of the accident had been in the sidewalk since the previous summer. It was not error for the court to instruct the jury that that was sufficient time in which the city should have learned of and repaired the defect.

The evidence is sufficient to support the verdict. The instructions contain no error, at least no important error. There was no error in denying the defendant's motion to set aside the verdict.

*By the Court.*— The judgment of the circuit court is affirmed.