LATIMER, Respondent, vs. CENTRAL ELECTRIC COMPANY, Appellant.

*November 4 — November 22, 1898.*

*Appealable order.*

An order denying defendant's motion to set aside the summons and complaint for the want of proper service, is not one which prevented a judgment from which an appeal might be taken, nor does it come within any other subdivision of the appeal statute (sec. 3069, Stats. 1898), and it is therefore not appealable.

APPEAL from an order of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Appeal dismissed.*

The service of the summons was by publication. Defendant moved the court for an order setting aside the service, and appeared in the action specially for that purpose. The motion was denied, and an order was entered accordingly, from which defendant appealed.

For the appellant the cause was submitted on a brief by McElroy & Eschweiler.

*Henry H. Morgan,* for the respondent.

MARSHALL, J. The order appealed from did not prevent a judgment from which an appeal might be taken, hence is not appealable under subd. 1, sec. 3069, Stats. 1898, and manifestly it is not under any other subdivision of the appeal statute. *Ledebuhr v. Grand Grove of Wisconsin Order of Druids,*

97 Wis. 341; *Hyde v. German Nat. Bank*, 96 Wis. 406; *Milbauer v. Schotten*, 95 Wis. 28. It should not be forgotten that the right of appeal is wholly statutory and that by ch. 212, Laws of 1895, as subsequently amended and carried into the section cited, a material change was made as to appealable orders. Many decisions of this court made prior to such change do not apply to the present situation. Formerly an order was appealable if it involved the merits of an action or some part thereof, though it could be reviewed on appeal from the judgment. The provision to that effect no longer exists, and the decisions based thereon of course cannot be successfully cited to sustain an appeal. Under the statutes as they now exist an order, to be appealable, must be one affecting a substantial right made in an action in effect terminating it so as to prevent a judgment from which an appeal might be taken, or made in a special proceeding or upon summary application after judgment, or it must grant, refuse, modify, or dissolve an injunction, or set aside or dismiss a writ of attachment for irregularity, grant a new trial, or sustain or overrule a demurrer, or be an order vacating or refusing to set aside an order made at chambers, where the order, if made by the court in the first instance, would be appealable.

*By the Court.*— The appeal is dismissed.