Ellis vs. Barron County.

ELLIS, Appellant, vs. BARRON COUNTY, Respondent.

*September 27 — October 15, 1901.*

*Counties: Appeal from disallowance of claim: Bond.*

An instrument in writing, under seal and witnessed, reciting that the principal obligor has appealed to the circuit court from the disallowance of his claim against a county by the county board, and stating that the obligors, as principal and surety, " do hereby undertake that the said appellant will faithfully prosecute said appeal and pay all costs that shall be adjudged against the appellant," was approved by the county clerk. *Held,* that although the instrument was not technically a bond and did not in form run to the county, it was a substantial compliance with sec. 683, Stats. 1898 (requiring the appellant in such a case to execute " a bond to such county, with sufficient surety, conditioned for the prosecution of such appeal and the payment of all costs that shall be adjudged against the appellant "), and was therefore sufficient to confer upon the circuit court jurisdiction of the appeal.

APPEAL from an order of the circuit court for Barron county: E. W. HELMS, Judge. *Reversed.*

For the appellant the cause was submitted on the brief of *J. F. Ellis.*

For the respondent there was a brief by *W. N. Fuller,* district attorney, and oral argument by *E. N. Warner.*

CASSODAY, C. J.    On November 13, 1899, the plaintiff filed a claim for $71.81 against the defendant county for the re-

payment of moneys which he had paid to the county for illegal tax certificates on lands not taxable. On November 16, 1899, such claim was wholly disallowed by the county board of supervisors; and on February 10, 1900, the plaintiff served upon the defendant a written notice to the effect that he thereby appealed from such disallowance to the circuit court for Barron county, as provided by sec. 683, Stats. 1898. At the same time the plaintiff executed and delivered to the defendant an instrument in writing, with the approval and indorsement thereon, in the words and figures following, to wit:

"State of Wisconsin, } ss.
  "Barron County.

  "Whereas, the above-named *W. H. Ellis* has appealed to the circuit court of Barron county, Wisconsin, from the decision of the county board of said county, disallowing his claim against said county, which is more particularly referred to in the foregoing notice:

  "Now, therefore, we, *W. H. Ellis*, as principal, and N. M. Rockman, as surety, do hereby undertake that the said appellant will faithfully prosecute said appeal, and pay all costs that shall be adjudged against the appellant.

  "Witness our hands and seals this 7th day of February, 1900.

  "In presence of
  "J. C. ROCKMAN        W. H. ELLIS (Seal)
  "M. H. AAEN           N. M. ROCKMAN (Seal).
  "The foregoing undertaking is hereby approved.
                        "W. M. SIMPSON,
       "County Clerk, Barron County, Wisconsin."

Such notice and undertaking was indorsed across the back thereof as follows: "Bond, *W. H. Ellis* and N. M. Rockman to *Barron County*. Approved this 10th day of February, 1900. W. M. SIMPSON, Co. Clerk."

April 11, 1901, the defendant appeared specially for the purpose, and moved to dismiss the appeal in the above-titled action, on the ground that the undertaking was not sufficient to give the court jurisdiction of the cause, for the

reason that the said undertaking is not in terms executed to the defendant. Thereupon the plaintiff, before said motion was decided, moved and asked leave to amend said undertaking by inserting therein the words " to *Barron County*, Wisconsin," after the word " costs " where it occurs therein, and to execute the same either as a substitute or amendment thereto or as an additional undertaking. Thereupon, and before said order to dismiss was made, the court ordered that the motion of the plaintiff be, and the same was thereby, denied, for the sole reason that the court had no power to grant the same. At the same time and place the court granted the defendant's motion, and ordered that the said appeal be, and the same was thereby, dismissed. From both of such orders the plaintiff appeals.

To appeal to the circuit court from such disallowance of the county board, it was necessary for the plaintiff not only to serve the written notice of appeal, as required by the statute, but also to execute " a bond *to such county*, with sufficient surety, to be approved by the county clerk, conditioned for the prosecution of such appeal and the payment of all costs that shall [should] be adjudged against the appellant." Sec. 683, Stats. 1898. The appeal was dismissed on the ground that the undertaking given was not a bond, within the meaning of that statute, and, besides, it did not run " to *Barron County*," the defendant in this action. It is true that the undertaking is not in the form of a bond, and does not in express terms run " to *Barron County*." It will be observed that the undertaking given is " that the said appellant will faithfully prosecute said appeal, and pay all costs that shall be adjudged against the appellant." This satisfies every condition which the statute required to be put in the bond. It is, moreover, under seal, executed by the plaintiff and a surety in the presence of two subscribing witnesses, and is approved by the county clerk, as required by the statute. But it is not in the form of a bond.

It is true, as contended by counsel for the defendant, that, to give the circuit court jurisdiction, it was essential that there should have been a substantial compliance with the requirements of the statute in respect to perfecting such appeal. *Drinkwine v. Eau Claire*, 83 Wis. 428; *West v. Eau Claire*, 89 Wis. 31, 35; *Oshkosh W. W. Co. v. Oshkosh*, 106 Wis. 83, 86. In one of the cases cited the plaintiff appealed to the circuit court from the disallowance of his claim by the common council, and on such appeal gave an undertaking, instead of a bond, as required by the charter of the city; and this court held, in effect, that the giving of the undertaking, which contained all the conditions which the charter required to be put in the bond, was a substantial compliance with the statute. *West v. Eau Claire*, 89 Wis. 31, 33, 35. Mr. Justice NEWMAN there said: "The question is whether the undertaking is a substantial compliance with the provisions of the charter providing for the security to be given to perfect an appeal in such cases. No doubt the statute must be strictly complied with in all matters of substance, or there is no appeal. The object of the provision for security is to provide indemnity to the city against loss of its costs in case it prevails upon the appeal. The security seems to be of no substantial value for any other purpose. . . . A substantial compliance is sufficient. So it would seem that the undertaking does furnish the city the indemnity for its costs which the charter intended. This makes it, in substance, a compliance with the charter." To the same effect, *C. & J. Michel B. Co. v. Estate of Wightman*, 97 Wis. 657, 660. We must hold that the undertaking contained all the conditions required by the statute quoted to be put in such bond, and hence was a substantial compliance with the statute in that regard. But it is said that the undertaking does not run to *Barron County*, as required by the statute. True, it does not name the county, nor in express words run to the county, but it requires the appel-

lant to faithfully prosecute the appeal, which, if done, must necessarily be against the defendant. It also requires the appellant to "pay all costs that shall be adjudged against the appellant." Of course, whatever costs the circuit court might adjudge against the appellant would necessarily have to be _adjudged in favor of and paid to the defendant. So it does appear by necessary implication that the undertaking runs to the defendant, and is, necessarily, given for the sole benefit of the defendant. Looking at the substance of the undertaking, instead of the mere form, we are forced to conclude that it is a substantial compliance with the provisions of the statute quoted.

The trial court probably dismissed the appeal on the authority of *Thompson v. Thompson*, 24 Wis. 515, where it was held that the circuit court got no jurisdiction on the appeal from the county court, because the bond did not run "to the adverse party," as required by the statute then in force. Secs. 24, 25, ch. 117, R. S. 1858. The report of that case fails to reveal the fact, which appears in the record, that the bond in that case ran to "John W. Blackstone, Jr., judge of the county court," etc., instead of running to the adverse party, and, of course, was not available to the adverse party as security. The decision in that case was in harmony with prior decisions of this court. *Nelson v. Clongland*, 15 Wis. 392; *State ex rel. Tallmadge v. Flint*, 19 Wis. 621; *Bowles v. Page*, 20 Wis. 309.

It may be that in dismissing the appeal the trial court was influenced by a remark of Mr. Justice NEWMAN in one of the cases cited, and from which we have quoted. Among other things, he there stated, in effect, that the charter required "a bond," and that such requirement must be substantially complied with, and then said: "But the undertaking is a species of bond. No certain form is necessary to constitute a bond. It has only a few requisites. It must be in writing; it must name an obligee; it must be sealed

and delivered. The plaintiff's undertaking has all the requisites of a bond. It is technically a bond." 89 Wis. 35. But we are constrained to hold that, where the requirements of the statute are substantially complied with, and no substantial right of the adverse party is affected, it is sufficient, whether the undertaking is technically a bond or not. Sec. 2829, Stats. 1898; *Klauber v. Charlton*, 45 Wis. 600. The supreme court of Nebraska has recently held that "an undertaking for costs, meeting all the requirements of the statute under which it was given, is valid and enforceable, although no obligee is named therein;" and that "there is no substantial difference between 'a bond for costs' and 'an undertaking for costs;'" that "each expression is the recognized equivalent of the other." *McPherson v. Commercial Nat. Bank*, 85 N. W. Rep. 895.

It follows from what has been said that the undertaking was sufficient, and that the circuit court obtained jurisdiction, and that the appeal from the county board was improperly dismissed. This being so, it is unnecessary to consider the appeal from the order refusing to allow the plaintiff to amend the undertaking. The notice of appeal embraces both orders. But one bill of costs will be taxed in this court, and that will be in favor of the plaintiff. Sec. 3049, Stats. 1898; *Harrison M. Works v. Hosig*, 73 Wis. 184.

*By the Court.*— The order of the circuit court dismissing the appeal from the county board is reversed, and the cause is remanded for further proceedings according to law.