Buchan and another, Appellants, vs. Nelson, Respondent.

*April 2—April 22, 1902.*

*Judgment: Vacating: Inadvertence: Laches.*

An application under sec. 2832, Stats. 1898, to set aside a judgment dismissing an action with costs, made nearly four years after the entry of the judgment and nearly three years after defendant's attorneys had collected from plaintiffs a part of the costs, is *held* to have been properly denied, although the judgment was obtained through plaintiffs' inadvertence, surprise, or excusable neglect, and their unopposed affidavits stated that they did not know of the judgment until about five months before making the application.

Appeal from an order of the circuit court for Kenosha county: Frank M. Fish, Circuit Judge. *Affirmed.*

The appeal is from an order refusing to set aside a judgment dismissing the above-entitled action. The judgment was rendered April 3, 1897. The petition for the vacation thereof was made March 14, 1901. The ground for the relief sought is as follows:

The case was commenced in justice's court. It was carried to the circuit court for Kenosha county by appeal from a judgment rendered in favor of plaintiffs. At the March term of said court for 1897, the cause being on the calendar for trial, counsel for plaintiffs moved for a dismissal of the appeal. Time was given defendant's attorneys to prepare to argue the motion. A case being on trial which plaintiffs' attorney supposed would take several days to conclude, he absented himself from the court, depending on a promise given by defendant's attorneys to let him know when the cause could be heard. During the waiting period plaintiffs' attorney was taken sick and thereby rendered unable to attend to any business. His disability continued till the latter part of September, 1900. When the cause was reached for trial plaintiffs' attorney was not present. Plaintiffs relied

wholly on their attorney to protect their interests and were ignorant of his disability. The result was a judgment against them, dismissing the action. Thereafter costs were taxed at $49.17 and inserted in the judgment, notice of such taxation being sent to plaintiffs' attorney by mail. He was then sick, as before stated, and was absent from the state. He neither knew of, nor was he in a condition to attend to, plaintiffs' interests. April 30, 1898, upon plaintiffs being threatened with legal proceedings, and without knowing their rights in the matter, they gave defendant's attorneys a check for $37.50. They did not know of the judgment against them when they gave the check, nor till October 9, 1900. There is honestly due plaintiffs from defendant $117.25.

*Henry Wiesmann,* for the appellants.

For the respondent the cause was submitted on the brief of *Cooper, Simmons, Nelson & Walker.*

MARSHALL, J. The foregoing statement indicates that the judgment complained of was obtained through appellants' inadvertence, surprise, or excusable neglect. The only authority for relief therefrom by motion in the action is found in sec. 2832, Stats. 1898, which provides that the court, in its discretion, may grant such relief to a party at any time within one year after notice of the judgment. Notwithstanding respondent's attorneys pursued appellants to enforce the judgment and collected pay from them, they say their action was merely to obtain peace; that they did not know of the judgment till over two years thereafter. Upon that appellants depended to satisfy the court that their motion was seasonably made. The trial court evidently deemed the story too unreasonable for belief, though not met by opposing affidavits. It seems that respondent should have presented some proof on the question, but we are inclined to agree with the court below that appellants' story is not worthy of belief. We must assume that they were men of

mental responsibility, and, as such, ought to have known that the claim upon which they made payment was on a judgment. There was no reasonable ground to believe otherwise. They knew, or ought to have known, of the judgment as early as April, 1898, and waited nearly three years before applying for relief therefrom. There was no course open to the court but to deny the motion.

*By the Court.*—The order appealed from is affirmed.