ELLIS, Appellant, vs. BARRON COUNTY, Respondent.

*January 12—February 2, 1904.*

*Appeal and error: Orders: Judgments: Limitation on time within which appeal can be taken: Practice: Aggrieved party: Dismissal of appeal: Discretionary orders: Review: Supreme court.*

1. An order dismissing an appeal to the circuit court from the action of a county board disallowing a claim against the county, is not, in effect, a judgment, and hence an appeal from such an order, taken less than two years but more than thirty days after service of a copy, together with a written notice of its entry, is not taken within the time limited by sec. 3042, Stats. 1898, regulating the time within which appeals may be taken directly from orders.

2. Plaintiff having appealed to the circuit court from the action of the county board disallowing his claim filed against the county, gave an undertaking, substantially the same as one given in another case between the same parties, which the supreme court had held was such a compliance with the statutory requirements as gave the circuit court jurisdiction. On the hearing of a motion, addressed to the circuit court, to dismiss the appeal for defects in the undertaking, plaintiff asked leave to amend, and appealed from an order refusing such application. *Held*, that the undertaking being sufficient, the plaintiff was in no sense aggrieved by the order refusing his application to amend, and hence his appeal from such order should be dismissed.

3. Under sec. 3042, Stats. 1898, declaring that time within which an appeal may be taken directly from an order is limited to

Ellis v. Barron Co. 120 Wis. 390.

thirty days from the date of the service by either party upon the other of a copy of such order, with a written notice of the entry of the same, the thirty days' limitation does not commence to run against the one party until the other has served the notice therein prescribed, notwithstanding there is service of such order and exception to its entry.

4. When a trial court has, in the exercise of its discretion, power to do or not do a certain act, a refusal to exercise such discretion upon the expressed assumption that it has no such power is an *error of law*, which eliminates from the case the question whether there was any abuse of discretion.

5. In such case, the supreme court, on appeal, will not consider the merits of the question thus addressed to the sound discretion of the trial court.

APPEAL from orders of the circuit court for Barron county: A. J. VINJE, Circuit Judge. *Appeal from two orders dismissed; one order reversed.*

This is an appeal from three orders, made under the following circumstances, and which for convenience are numbered consecutively 1, 2, and 3. May 12, 1899, the plaintiff filed a claim against the defendant county to recover back money paid for taxes. November 16, 1899, such claim was wholly disallowed by the county board. February 10, 1900, the plaintiff served notice of appeal from such disallowance, with an undertaking. In April, 1900, the defendant moved to dismiss such appeal on the ground that such undertaking was not equivalent to the "bond" required by sec. 683, Stats. 1898, and particularly that the undertaking did not run "to *Barron county,*" and hence that the court had no jurisdiction. Thereupon, and before the decision of such motion, the plaintiff moved to amend such undertaking by inserting "to *Barron county*" after the word "costs," or to file a new bond. April 11, 1901, the court made an order (No. 1) refusing to allow such amendment or the filing of a new bond for the "sole reason," as therein stated, that the court had "no power" to do so. At the same time—April 11, 1901, the court made another order (No. 2) dismissing the

appeal. March 28, 1902, the plaintiff gave notice of motion to reinstate the appeal, which motion was by written order (No. 3) denied April 9, 1902, for want of "power or authority to grant" the same. March 28, 1903, the plaintiff by one notice appealed from all of the three orders—No. 1, refusing to amend the undertaking; No. 2, dismissing the appeal; No. 3, refusing to reinstate the appeal.

The cause was submitted for the appellant on the brief of *J. F. Ellis,* and for the respondent on that of *J. W. Soderberg,* district attorney.

CASSODAY, C. J.   1. At the time of making the two orders (Nos. 1 and 2) of April 11, 1901, the court made two other similar orders in another case between these same parties, from which the plaintiff appealed to this court. *Ellis v. Barron Co.* 111 Wis. 576, 87 N. W. 552. That case was decided in this court October 15, 1901, and it was held, in effect, that the undertaking given by the plaintiff on the appeal from the county board was a substantial compliance with sec. 683, Stats. 1898, and hence that the circuit court had jurisdiction of the appeal; and accordingly reversed the order dismissing the appeal. Id. The undertaking on the appeal from the county board in this case is substantially the same as the undertaking in that case, which is printed in full on page 577, 111 Wis., 87 N. W. 552. If the appeal from the order (No. 2) dismissing the appeal from the county board were before us on the merits, then that decision would necessarily be controlling. But, as indicated, the appeal from that order was not taken until nearly two years after the order was made. The statute declares:

"The time within which an appeal may be taken directly from an order is  .  .  .   limited to thirty days from the date of the service by either party upon the other of a copy of such order, with a written notice of the entry of the same." Sec. 3042, Stats. 1898.

It appears from the records that a copy of that order, with a written notice of the making and the filing and the entry of the same of record in the office of the clerk of the court was duly served upon the plaintiff's attorney August 8, 1901. Thus is appears that the appeal from that order was not taken within the time so limited by the statute quoted, nor until more than a year and a half after the service of such notice. The plaintiff seeks' to escape such limitation by claiming that such order dismissing the appeal was, in effect, a judgment; and hence that he had two years within which to appeal therefrom. Sec. 3039, Stats. 1898. But "a judgment is" defined by the statute to be "the final determination of the rights of the parties in the action." Sec. 2882, Id. It is essentially different from such order dismissing such appeal, which this court has repeatedly characterized as an order from which an appeal may be taken under sec. 3069, Id.; *Mason v. Ashland,* 98 Wis. 540, 74 N. W. 357; *Gutta Percha & R. Mfg. Co. v. Ashland,* 100 Wis. 236, 75 N. W. 1007; *Finlay v. Prescott,* 104 Wis. 614, 616, 80 N. W. 930; *Milwaukee E. R. & L. Co. v. Bradley,* 108 Wis. 467, 479, 84 N. W. 870. We must hold that such order so dismissing the appeal was not, in effect, a judgment, and hence that the appeal from it was not taken within the time limited by statute.

2. We fail to find in the record any evidence of the service upon the plaintiff or his attorney of any copy of the order refusing to allow the undertaking to be amended or a new bond filed in place of it, much less any written notice of the entry of such order as prescribed by the section of the statute quoted. This being so, there was nothing to prevent an appeal from that order in case it was appealable. As indicated in the former case, the undertaking was held to be a substantial compliance with sec. 683 of the statute, and sufficient to give the circuit court jurisdiction. *Ellis v. Barron Co.* 111 Wis. 581, 87 N. W. 554. By reason of that

being so, it was said in that case that it was "unnecessary to consider the appeal from the order refusing to allow the plaintiff to amend the undertaking." That was on the theory that, the undertaking being sufficient, the refusal of the court to allow an amendment to it was wholly immaterial. The statute only authorizes a judgment or order to be "reviewed upon an appeal by any party aggrieved." Sec. 3048, Stats. 1898; *McGregor v. Pearson,* 51 Wis. 122, 8 N. W. 101; *Day v. Buckingham,* 87 Wis. 219, 58 N. W. 254; *Bragg v. Blewett,* 99 Wis. 348, 74 N. W. 807; *Hogan v. La Crosse,* 104 Wis. 107, 80 N. W. 105. The plaintiff was in no sense aggrieved by the order refusing his application to amend his undertaking, which was so held to be perfectly good.

3. The motion of the plaintiff of March 28, 1902, to reinstate the appeal from the county board was based upon the record and affidavits of the plaintiff and his attorney, to the effect that the record in this case, except as to the amount involved, was "identical in all respects" with the record in *Ellis v. Barron Co.* 111 Wis. 576, 87 N. W. 552; that it was understood and agreed orally by and between the attorneys of the respective parties at the time of making such orders, April 11, 1901, that one appeal to this court would be decisive of both cases, and hence that it was only necessary to take an appeal in one case, and that the other case should abide by the result of the decision in the case which should be appealed; but that the attorney for the defendant declined to abide by such oral stipulation after the decision in this court. In opposition to such motion, and at the time of the hearing, the only attorney for the defendant filed his affidavit to the effect "that he never in any way, shape, or manner stipulated or agreed with the plaintiff's attorney, or any one else, that this action should abide the result of the like action which was" so appealed to this court, and that he "never had the slightest hint of such an understanding until" after such decision was made. On hearing such motion to rein-

state the appeal the trial court, on April 9, 1902, "ordered that the said motion be, and the same hereby is, denied on the ground that the court has *no power or authority* to grant said motion, or to reinstate said appeal at a term subsequent to the term at which said order of dismissal was entered." It appears from the record that the plaintiff's attorney excepted to that order at the time it was made, and admitted service thereof April 10, 1902; but we find no evidence in the record that any "written notice of the entry of" that order was ever served as prescribed in the section of the statute quoted. Sec. 3042, Stats. 1898. This court has repeatedly held that it is only after the service of such notice that the statutory limitation mentioned in that section begins to run. *Corwith v. State Bank of Illinois,* 18 Wis. 560; *Could-ren v. Caughey,* 29 Wis. 317; *Orton v. Noonan,* 32 Wis. 220; *Rosenkrans v. Kline,* 42 Wis. 558. The facts are the same here as in the last case cited, in which it was held:

"It is only after *written notice of the entry* of an order that the statutory limitation of the time for appealing therefrom begins to run, and the facts that the order was served upon appellant's attorney and that he filed exceptions thereto do not take the case out of the rule." See, also, *Fatt v. Fatt,* 78 Wis. 633, 48 N. W. 52; *Levine v. Barrett,* 83 Minn. 145, 85 N. W. 942, 87 N. W. 847.

The theory of the statute and these adjudications is that the thirty-days limitation therein mentioned does not commence running against the one party until the other party has manifested an intention to set it in motion by serving the notice therein prescribed. That was not done as to the order in question, and hence the plaintiff was not barred from appealing therefrom.

4. The motion to reinstate the appeal was denied upon the express ground that the court had "no power or authority to grant" the motion at a subsequent term. The motion was made and the order entered within a year after the order

dismissing the appeal. The motion was obviously addressed to the discretion of the trial court, to be exercised as prescribed by the statute. Sec. 2832, Stats. 1898. It could only be granted, if at all, "upon such terms" as that court, in its discretion, might deem to be just and equitable. *Behl v. Schuette,* 95 Wis. 441, 70 N. W. 559; *Mullen v. Reinig,* 68 Wis. 408, 32 N. W. 293; *Port Huron E. & T. Co. v. Clements,* 113 Wis. 249, 257, 258, 89 N. W. 160. The adjudications upon the subject are numerous, and may be found in the notes to the section. See, also, *Buchan v. Nelson,* 114 Wis. 234, 90 N. W. 114; *Platt v. Schmidt,* 115 Wis. 394, 398, 399, 91 N. W. 992. The trial court refused to exercise such discretion for want of "power or authority" to grant the motion.. The question presented was whether the oral stipulation between the attorneys of the respective parties was ever in fact made, as claimed on the part of the plaintiff; and, if so, whether the plaintiff relied upon such oral stipulation, and thereby made a case of "excusable neglect," entitling him to relief under the section of the statute cited. *Heinemann v. Le Clair,* 82 Wis. 135, 51 N. W. 1101. Such refusal of the trial court to exercise such discretion and determine such questions was clearly an error of law. Thus it was held by this court many years ago:

"Where a trial court has, in the exercise of a sound discretion in a given case, power to do or not to do a certain act, a refusal to exercise such discretion upon the expressed assumption that it has no such power is an *error of law,* which eliminates from the case the question whether there was any abuse of discretion." *Smith v. Dragert,* 61 Wis. 222, 21 N. W. 46, and cases there cited; *Whitham v. Mappes,* 89 Wis. 671, 62 N. W. 430; *Binder v. McDonald,* 106 Wis. 332, 82 N. W. 156.

This makes it unnecessary to consider the merits of the questions thus addressed to the sound discretion of the trial court, but which that court refused to determine for want of "power or authority." Certainly that court is in a much

better position to determine the truth of the conflicting claims of the parties than this court. The notice of appeal embraces three orders. But one bill of costs will be taxed in this court, and that will be in favor of the plaintiff. *Ellis v. Barron Co.* 111 Wis. 581, 87 N. W. 552, and authorities there cited.

*By the Court.*—The appeals from the two orders of April 11, 1901, are both dismissed, and the appeal from the order of April 9, 1902, refusing to reinstate the appeal from the county board, is reversed, and the cause is remanded for further proceedings according to law.