SANDERS, Respondent, vs. GERMAN FIRE INSURANCE COMPANY OF INDIANA, Appellant.

*October 25—November 14, 1905.*

*Change of venue: Power of Winnebago county court: Withdrawal of motion: Appealable orders.*

1. Upon an application under sec. 2622, Stats. 1898, for change of venue on the ground that the convenience of witnesses and the ends of justice would be promoted thereby, the county court of Winnebago county has power to send the case to another county, and a denial of such a motion on the ground of want of power is error. Ch. 20, Laws of 1889, applies only to a change of venue on account of prejudice or other disqualification of the judge of said court.

2. After denial of such a motion on the ground that the court had no power to send the case out of Winnebago county, defendant objected to proceeding to trial because the court had improperly denied the motion and had declined to pass upon the merits of the application. The court then stated that it had decided the motion on one ground and had not been asked to decide it on the merits, but would do so if requested. Defendant's objection was overruled and the trial proceeded, the order denying the motion on the ground of want of power being permitted to stand. *Held,* that this did not show a withdrawal of the motion.

3. An order denying a change of venue is not appealable, but is reviewable on appeal from the judgment.

APPEAL from a judgment of the county court of Winnebago county: C. D. CLEVELAND, Judge. *Reversed.*

Action on a fire insurance policy. Appellant, through its agency at Green Bay, issued its policy of insurance to one Mary A. Donovan on her household furniture in her dwelling house at Green Bay, Brown county, Wisconsin. The house and its contents were destroyed by fire. After the fire Mrs. Donovan made proofs of loss and assigned her interest in the policy to the respondent, *George O. Sanders,* of Oshkosh, Winnebago county, Wisconsin, who demanded payment of the appellant and commenced action in the county court of Winne-

bago county. The complaint alleges facts showing liability
of defendant. Defendant answered admitting the making of
the policy, and denied other allegations of the complaint, and
sets up affirmative defenses which it is alleged render the pol-
icy void.

After issue joined defendant moved on affidavit for change·
of place of trial from Winnebago to Brown county for the·
convenience of witnesses and to promote the ends of justice.
The court denied the motion on the ground that it had no.
power to send the case out of Winnebago county on such mo-
tion, with $10 costs of motion. Defendant duly excepted to
this order on the ground of lack of power in the court to
change the place of trial, and also excepted to the refusal of·
the court to exercise its discretion in that behalf.

The case was afterwards tried by the court without a jury;
against the objection of the defendant that the court had im-
properly denied its motion for change of place of trial and
failure to pass upon the merits of such application. The court
made its findings of fact and conclusions of law and ordered·
judgment for plaintiff, which was entered for $266.66, inter-·
est and costs. Motions for judgment and new trial were made·
by defendant and denied.

For the appellant there was a brief by *Greene, Fairchild,
North & Parker*, attorneys, and *Charles B. Obermeyer,* of·
counsel, and oral argument by *B. L. Parker.*

For the respondent there was a brief by *Eaton & Eaton,.*
and oral argument by *M. H. Eaton.*

KERWIN, J. Error is assigned because the court denied the·
application for change of venue. The order denying the mo-·
tion shows that it was denied on the ground that the court had·
no power to send the case out of Winnebago county. The·
county court of Winnebago county is a court of record, and·
has civil jurisdiction equal to and commensurate with the cir-
cuit courts of this state, subject to certain exceptions and re-

·strictions not material here.   Ch. 361, Laws of 1860, and amendments thereto.   Sec. 7 of the act provides:

"All the general provisions of the statutes of Wisconsin, and of all general laws which now exist, or may hereafter ·exist, relating to the proceedings in civil actions in the circuit ·courts of this state, and to the powers and duties of courts of record, shall apply, in like manner, and with like effect, to ·said county court, as to said circuit courts. . . . The rules and practice. of said county court shall be the same as in the ·circuit courts of this state, as they may exist, or as shall here-·after be provided for said circuit courts in civil actions."

The only specific provision of the act on change of venue will be found in sec. 17, which provides:

"In all cases where a change of venue is allowed for the ·reason of interest, or prejudice, upon the part of the county judge, the cause shall not be remitted to another county, but ·shall be removed to the circuit court of the same county."

Sec. 2466, R. S. 1878, also provides, in effect, that the gen-·eral provisions of law at any time in force relating to circuit courts in civil actions shall relate also to the county courts, unless inapplicable, and except as therein otherwise provided. Under these provisions of the statutes the county court of Winnebago county, within the limits prescribed, is subject to and governed by the general provisions of the statutes of Wisconsin relating to proceedings in civil actions in the circuit courts.   *Cody v. Cody,* 98 Wis. 445, 74 N. W. 217; *Northwestern I. Co. v. Crane,* 66 Wis. 567, 29 N. W. 654.   This being so, it follows that the general statutes providing for change of venue in circuit courts on account of the convenience of witnesses and to promote the ends of justice apply to the county court of Winnebago county.   The court did not pass upon the merits of the application as appears from the order, but denied it upon the ground of want of power to send the case out of the county.

Counsel for respondent calls our attention to ch. 20, Laws ·of 1889, as authority for his contention that, whenever the

place of trial in any action pending in the county court of Winnebago county shall be changed, it shall be changed to the circuit court of that county. But it will be seen that this statute is limited specifically to change of venue on account of the prejudice or other disqualification of the judge, and makes no reference to change of venue on account of convenience of witnesses and promotion of justice, and repeals sec. 2467, R. S. 1878, only in so far as it conflicts therewith. It is very plain that ch. 20, Laws of 1889, applies to change of venue in the county court of Winnebago county only on account of prejudice or disqualification of the judge, and that in the case before us the application for change is governed by sec. 2622, R. S. 1878. The court below, therefore, was in error in denying the application on account of want of power to send the case out of Winnebago county.

Counsel further contends that, conceding the trial court had the power to grant the motion, appellant cannot complain because the motion had been withdrawn. We are unable to discover anything in the record to support this contention. The order denying the motion upon its face recites that "the court, after hearing the parties and being advised in the premises, having decided that the court has no power to send the case out of Winnebago county on a motion of this character," ordered that the motion be denied, with $10 costs, and signed and entered the order accordingly. There is nothing in the record showing that this order was ever set aside or that counsel for respondent ever asked it to be done. On the contrary, the record shows that appellant insisted upon his motion and the respondent opposed it and obtained the order denying it.

After denial of the motion appellant's counsel objected to proceeding to trial, for the reason that the court had improperly denied the motion for change of venue and had declined to pass upon the merits of the application. Upon this objection the trial judge, in effect, said that he had decided the motion on one ground and was not asked to decide on the other,

but, if requested, would do so, and overruled the appellant's objection to proceed to trial, and the trial proceeded, and the order denying motion for change on the ground of want of power was permitted to stand. It is from this colloquy between appellant's counsel and the trial judge that counsel for respondent claims appellant's counsel withdrew his motion for change of venue. We are very clear that the contention is untenable. On the contrary, the record clearly shows the objection of appellant's counsel to the decision on the ground of want of power, but counsel for respondent seems to have been willing to let the order stand. The denial of the motion for want of power was reversible error. *Binder v. McDonald,* 106 Wis. 332, 82 N. W. 156; *Ellis v. Barron Co.* 120 Wis. 390, 98 N. W. 232. An order denying a change of venue is not appealable. *Waukesha Co. A. Soc. v. Wis. C. R. Co.* 117 Wis. 539, 94 N. W. 289; *Latimer v. Central E. Co.* 101 Wis. 310, 77 N. W. 155. Such order is reviewable on appeal from the judgment. *Haas v. Weinhagen,* 30 Wis. 326; *Hewitt v. Follett,* 51 Wis. 264, 8 N. W. 177.

Other errors assigned need not be considered.

*By the Court.*—The judgment and order denying motion for change of venue are reversed, and the cause remanded with directions to the court below to consider and decide the motion for change of venue upon the merits, and for further proceedings according to law.