CLARK and another, Respondents, vs. HILL and others, Commissioners of Agriculture and Markets, Appellants.

*May 31—June 20, 1932.*

For the appellants there was a brief by the *Attorney General* and *R. M. Orchard,* assistant attorney general, and oral argument by *Mr. Orchard.*

For the respondents there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham* of Janesville, and oral argument by *Otto A. Oestreich.*

OWEN, J.  The petitioners are the proprietors of a show or entertainment popularly known as a carnival, consisting of seven distinct acts or performances, such as a shooting gallery, a circus side-show, a motordrome, two fun houses, a Ferris wheel, a merry-go-round, etc.  On the 16th day of July, 1931, they applied to the defendants as Commissioners of the Department of Agriculture and Markets of the state of Wisconsin, under the provisions of sec. 129.14, Stats., for a showman's license and tendered therefor the sum of $20.  The license was refused because the commissioners construed sec. 129.14 as requiring a license fee of $20 for each act or performance constituting the carnival unit.

This action was instituted by the petitioners to procure a peremptory writ of *mandamus* compelling the defendant

commissioners to issue to them a license upon the payment of $20. A trial of the issue resulted in a judgment in all respects favorable to the defendants, quashing the alternative writ and denying the peremptory writ. From this judgment, in all respects in their favor, the defendants bring this appeal. They do not challenge the correctness of the judgment, but they challenge the construction accorded to sec. 129.14 by the trial court. In other words, respondents challenge the reason upon which the judgment is based rather than the judgment itself.

In view of the fact that the judgment denied the petitioners the relief sought, or any relief, it is not a judgment by which the defendants are aggrieved. The right to appeal to this court is accorded to any *party aggrieved* by the provisions of sec. 274.10, Stats. Unless the party is aggrieved by the judgment, even though he challenges the reason upon which the judgment is based, he has no right to appeal. *Bragg v. Blewett,* 99 Wis. 348, 74 N. W. 807; *Ellis v. Barron County,* 120 Wis. 390, 98 N. W. 232; *Lessig v. Lessig,* 136 Wis. 403, 117 N. W. 792. As the defendants here are not parties who may appeal from the judgment, because they are not aggrieved, the judgment of this court must be a dismissal of the appeal.

Although the respondents filed a notice of review under the provisions of sec. 274.12, Stats., that does not operate to give the court jurisdiction. That provision of the statutes is a privilege extended to the respondent where this court has acquired jurisdiction. It does not operate to give the court jurisdiction. *Wisconsin Creameries, Inc. v. Johnson,* decided herewith (*ante,* p. 444, 243 N. W. 498). In view of the fact that the court has no jurisdiction of the case, the judgment must be a dismissal of the appeal.

*By the Court.*—Appeal dismissed.